IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER D. SCHNEIDER,

    Plaintiff,   Case No. 2:11-cv-2953 LKK DAD PS

    vs.

BANK OF AMERICA N.A., et al.,   ORDER

    Defendants.
_____/

    Plaintiff, Christopher Schneider, is proceeding in this action pro se. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff has filed a motion to "allow witness testimony in support of his preliminary injunction motion" scheduled to be heard before the undersigned on March 2, 2012. (Doc. No. 37.)[1] Therein, plaintiff asserts that he "feels that the two witness (sic); Amber Loiler of El Dorado Savings Bank, and Margaret Doll formerly of Amador Title . . . are needed to support" facts concerning the "dispute account" opened by plaintiff and "the events of January 30, 2001 regarding the deed of trust and note–issues that are bitterly disputed." (Id. at 1.)

---

[1] Plaintiff's motion to allow witness testimony was initially noticed for hearing before the assigned District Judge. (Doc. No. 37.) The assigned District Judge ordered plaintiff to re-notice his motion for hearing before the undersigned, (Doc. No. 42), which plaintiff did on January 20, 2012. (Doc. No. 50.)

1

Additionally, plaintiff asserts that he is willing to call a witness to substantiate the irreparable harm "that continues to be sustained by him due to the acts of Defendants, though this witness can made (sic) a declaration." (Id. at 1-2.) Defendant Bank of America, N.A., has filed an opposition to plaintiff's motion. (Doc. No. 40.)

Local Rule 230(h) provides that:

> Factual contentions involved in pretrial motions shall be initially presented and heard upon affidavits, except that the Court may in its discretion require or allow oral examination of witnesses.

Here, plaintiff has not presented an affidavit of any witness in connection with his motion.[2] It is not apparent that any witness is willing to testify at the scheduled hearing.[3] Nor has plaintiff alleged with any specificity the anticipated substance of the live testimony he seeks to present. Most importantly, at this juncture, the court finds witnesses testimony unnecessary for hearing of plaintiff's motion for a preliminary injunction. If, after hearing argument on plaintiff's motion, the court determines that such testimony would be helpful in resolving the motion, the court will re-visit plaintiff's request.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 9, 2012 motion to allow witness testimony (Doc. No. 37), re-noticed before the undersigned on January 20, 2012, (Doc. No. 50) is denied.

DATED: February 24, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\schneider2953.mot.testimony.ord

---

[2] Plaintiff, however, previously filed a declaration from Margaret Doll as part of his motion for a temporary restraining order. (Doc. No. 9 at 36-38.)

[3] Plaintiff states in his motion that the El Dorado Savings Bank does not allow signed declarations and will only release testimony if subpoenaed. (Doc. No. 37 at 2.) In this regard, it appears that Amber Loiler, an employee of the El Dorado Savings Bank, would only testify if subpoenaed.