IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER D. SCHNEIDER,

    Plaintiff,                      Case No. 2:11-cv-2953 LKK DAD PS

    vs.

BANK OF AMERICA N.A., et al.,        ORDER

    Defendants.

_____/

        Plaintiff, Christopher Schneider, is proceeding in this action pro se. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        At an Early Settlement Conference held before the undersigned on March 16, 2012, the parties reached a tentative settlement agreement pending final approval by defendant Bank of America, N.A. Thereafter, defendant Bank of America approved the tentative settlement agreement that had been reached on March 16, 2012. On May 25, 2012, a Status Conference was held before the undersigned regarding the status of the final settlement documents. At that time, in light of objections raised by plaintiff with respect to the specific settlement document language proposed by defendant's counsel, the court set a further hearing for June 6, 2012, in order to resolve any remaining objections to specific settlement agreement language.

/////

1

1  On June 4, 2012, plaintiff filed an ex parte motion to continue the June 6, 2012, hearing. Therein, plaintiff states that the hearing should be continued to allow him additional time to obtain and review the transcripts from the May 25, 2012 Status Conference, so that he may verify "that certain statements made by opposing counsel and this court, were properly heard by him." (Doc. No. 75 at 1.)

The court may grant an initial ex parte extension of time upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. E.D. Cal. Local Rule 144(c). Except for one such initial extension, ex parte applications are not ordinarily granted. (Id.) Here, the court finds that plaintiff's request for an extension of time does not demonstrate that an extension of time is necessary and thus does not satisfy the requirements of Local Rule 144(c).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's June 4, 2012 ex parte motion for a continuance (Doc. No. 75) of the previously scheduled June 6, 2012 hearing is denied. The hearing will be held on June 6, 2012 at 10:00 a.m. in the courtroom of the undersigned. Counsel may appear telephonically if they have made the necessary arrangements to do so.

DATED: June 5, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\schneider2953.exparte.eot.denied