UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA N.A., BANK OF AMERICA MORTGAGE, BANK OF AMERICA HOME LOANS SERVICING LP, BALBOA INSURANCE CO., HOME RETENTION GROUP, QUALITY LOAN SERVICE CORP., CLIFF COLER, DOES 1-40,<br><br>　　　　Defendants. | No. CIV. S-11-2953 LKK/DAD PS<br><br><br>**ORDER** |

　　Defendant Federal Home Loan Mortgage Corporation's ("FHLMC") application, tactfully entitled a "Request for Clarification" (ECF No. 134), will be considered to be a motion for reconsideration of this court's May 21, 2014 order (ECF No. 132). FHLMC is correct that it properly and timely joined the motion to dismiss filed by Bank of America, NA ("BANA"), BAC Home Loans Servicing LP, and Balboa Ins. Co. See ECF No. 100.[1]

---

[1] Plaintiff opposes the request on the grounds that BANA submitted a proposed order permitting FHLMC to join the motion, but that the proposed order was never approved. See ECF No. 137.

1

Accordingly, its Request is hereby **GRANTED**.  In reconsidering FHLMC's motion to dismiss, the court finds as follows:

    **1.   Claim One.**

        a.   FHLMC's motion to dismiss the portion of Claim One that is brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) and 3500.21, is **GRANTED** without leave to amend, as plaintiff has not alleged that he sent the required qualified written request ("QWR") to FHLMC.

Accordingly, this portion of Claim One, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;[2]

        b.   FHLMC's motion to dismiss that portion of Claim One that is brought under RESPA, 12 U.S.C. § 2609 and 24 C.F.R. § 3500.17, is **GRANTED** for lack of a private right of action, as found by the Magistrate Judge (see ECF Nos. 132 at 8 and 123 at 18).

Accordingly, these portions of Claim One, as asserted against FHLMC, are **DISMISSED** in their entireties, with prejudice;

    **2.   Claim Two.**

FHLMC's motion to dismiss Claim Two, brought under Regulation Z and the Truth in Lending Act, is **GRANTED** without leave to amend, because, as found by the Magistrate Judge, the claim contains no allegations relating to FHLMC, notwithstanding

---

The court finds that FHLMC properly joined in the motion, and that no order was needed to accomplish this.

[2] The rejected claims are dismissed with prejudice, as the plaintiff has already had three attempts to plead correctly.  It appears that as to these claims, plaintiff cannot or will not plead them correctly, and the court will not require defendant to repeatedly move to dismiss inadequately pled claims.

its presence in the title of the claim (see ECF No. 123 at 20-21 & n.8).

Accordingly, Claim Two, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

    **3.    Claim Three.**

        a.    FHLMC's motion to dismiss that portion of Claim Three that is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692g, is **GRANTED** without leave to amend, as those provision of the FDCPA apply only to "debt collectors," and as found by the Magistrate Judge, plaintiff does not allege that FHLMC is a debt collector (see ECF No. 123 at 25-26).

Accordingly, the FDCPA portion of Claim Three, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

        b.    FHLMC's motion to dismiss that portion of Claim Three that is brought under the California Rosenthal Act, Cal. Civil Code §§ 1788.13(b), is **GRANTED** without leave to amend, as this portion of the claim contains no allegations relating to FHLMC.

Accordingly, there being no other allegations therein, Claim Three, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

    **4.    Claim Four.**

FHLMC's motion to dismiss Claim Four, brought under the Cal. Civil Code § 2954(a)(1), is **GRANTED** without leave to amend, as this claim contains no allegations relating to FHLMC, except for an entirely conclusory allegation at the very end of the claim.

Accordingly, Claim Four, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

   **5.   Claim Five.**

      a.   FHMLC's motion to dismiss the Fraud and Negligent Misrepresentation portion of Claim Five, is **GRANTED** without leave to amend, as there is no allegation that plaintiff was deceived or justifiably relied upon the alleged fraudulent statements or misrepresentations (see ECF No. 132 at 25-26);

      b.   FHMLC's motion to dismiss the Conspiracy portion of Claim Five, is **GRANTED** without leave to amend, as it is predicated upon the existence of a fraud or negligent misrepresentation which, as noted immediately above, was not alleged (see ECF No. 132 at 26-27).

Accordingly, there being no other allegations therein, Claim Five is **DISMISSED** in its entirety, with prejudice.

   **6.   Claim Six.**

FHLMC's motion to dismiss Claim Six, the Breach of Trust/Contract Claim, is **GRANTED** without leave to amend, because, as found by the Magistrate Judge, FHLMC is not alleged to be a party to the contract (see ECF Nos. 132 at 29-30 and 123 at 39).

Accordingly, Claim Six, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

   **7.   Claim Seven.**

FHLMC's motion to dismiss Claim Seven, for declaratory Relief, is **GRANTED** without leave to amend, as it is redundant of plaintiff's other claims (see ECF No. 132 at 30).

Accordingly, Claim Seven, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

4

**8. Claim Eight.**

FHLMC's motion to dismiss Claim Eight, for an Accounting, is **DENIED**, for the reasons stated at ECF No. 132 at 30-31;

**9. Claim Nine.**

FHLMC's motion to dismiss Claim Nine, for Conversion, is **DENIED**, for the reasons stated at ECF No. 132 at 31-32;

**10. Claim Ten.**

FHLMC's motion to dismiss Claim Ten, for Wrongful Foreclosure, is **DENIED**, for the reasons stated at ECF No. 132 at 32-33;

**11. Claim Eleven.**

FHLMC's motion to dismiss Claim Eleven, for Breach of the Covenant of Good Faith and Fair Dealing, is **GRANTED** without leave to amend, since as found by the Magistrate Judge, FHLMC is not alleged to be a party to the mortgage agreement (see ECF Nos. 132 at 34-35 and 123 at 46-47).

Accordingly, Claim Eleven, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

**12. Claim Twelve.**

FHLMC's motion to dismiss Claim Twelve, for Negligence, is **GRANTED** without leave to amend, for the reasons stated by the Magistrate Judge (see ECF Nos. 132 at 36 and 123 at 48-49);

Accordingly, Claim Twelve, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

**13. Claim Thirteen.**

FHLMC's motion to dismiss Claim Thirteen, for Intentional Infliction of Emotional Distress, is **GRANTED**, for the reasons

1 stated by the Magistrate Judge (see ECF Nos. 132 at 36 and 123 at 49-50);

Accordingly, Claim Thirteen, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice;

**14. Claim Fourteen.**

FHLMC's motion to dismiss Claim Fourteen, under Cal. Bus. & Prof. Code § 17200, is **DENIED** to the degree it is predicated on claims that have survived this motion, and otherwise **GRANTED** (see ECF No. 132 at 36);

**15. Claim Fifteen.**

FHLMC's motion to dismiss Claim Fifteen, asserted under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), is **GRANTED** without leave to amend, for the reasons stated by the Magistrate Judge (see ECF Nos. 132 at 36-37 and 123 at 28-29).

Accordingly, Claim Fifteen, as asserted against FHLMC, is **DISMISSED** in its entirety, with prejudice.

This matter is remanded to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

DATED: July 10, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT