UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | No.  2:11-cv-2953-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA N.A., BANK OF AMERICA MORTGAGE, BANK OF AMERICA HOME LOAN SERVICING LP, BALBOA INSURANCE CO., HOME RETENTION GROUP, QUALITY LOAN SERVICE CORP., CLIFF COLER, DOES 1-40, | |
| Defendant. | |

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  An initial status (pretrial scheduling) conference was scheduled before the previously assigned magistrate judge, but was vacated on March 6, 2012. ECF No. 64.  Because this case is not currently scheduled pursuant to Federal Rule of Civil Procedure 16(b), a status (pretrial scheduling) conference will be set before the undersigned.

Accordingly, it is hereby ORDERED that:

1. A status (pretrial scheduling) conference is set for November 12, 2014, at 10:00 a.m. in Courtroom No. 8 before the undersigned.

2. On or before October 29, 2014, the parties shall file status reports[1] briefly describing the case and addressing the following:

  a. Progress in service of process
  b. Possible joinder of additional parties;
  c. Expected or desired amendment of pleadings;
  d. Jurisdiction and venue;
  e. Anticipated motions and their scheduling;
  f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;
  g. Cut-off dates for discovery and law and motion, and dates for pretrial conference and trial;[2]
  h. Special procedures, if any;
  i. Estimated trial time;
  j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;
  k. Whether the case is related to any other case, including any bankruptcy cases;
  l. Whether a settlement conference should be scheduled;
  m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his as acting, or whether they prefer to have a settlement conference conducted before another judge; and

/////

---

[1] The parties are encouraged, when possible, to file a joint status report.

[2] In completing this portion of the status report(s), the parties are advised that Judge Brennan's typical pretrial schedule requires (1) initial expert disclosures to be made within approximately sixty (60) days after the Status Conference; (2) motions to compel discovery to be noticed for hearing within approximately sixty (60) days after the expert disclosure deadline; (3) discovery to be completed within approximately thirty (30) days after the motion to compel deadline; (4) all non−discovery law and motion to be noticed for hearing within approximately sixty (60) days after the discovery completion date; (5) a final pretrial conference to be held approximately ninety (90) days after the non−discovery law and motion deadline; and (6) trial to commence approximately ninety (90) days after the final pretrial conference.

    n. Any other matters that may add to the just and expeditious disposition of this matter.

  4. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules.

  5. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. See E.D. Cal. L.R. 160. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Local Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED: October 9, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE