1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHRISTOPHER D. SCHNEIDER, | No. 2:11-cv-2953-JAM-EFB PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BANK OF AMERICA N.A., BANK OF AMERICA MORTGAGE, BANK OF AMERICA HOME LOANS SERVICING LP, BALBOA INSURANCE CO., HOME RETENTION GROUP, QUALITY RETENTION GROUP, QUALITY LOAN SERVICE CORP., CLIFF COLER, DOES 1-40, | |
| Defendants. | |

On November 12, 2014, this case was before the court on plaintiff's motions for a protective order and for sanctions against Quality Loan Service Corporation ("Quality"), ECF No. 150;[1] motion for default judgment against defendants Bank of America, N.A. ("BANA"), Balboa Insurance Company ("Balboa"), and Federal Home Loan Mortgage Corporation ("FHLMC"), ECF No. 146; and for approval for the filing of a lis pendens, ECF No. 139.[2] Attorney Matthew

---

[1] Plaintiff also filed a motion requesting that the court hear his motion for a protective order on shortened time. ECF No. 151. In light of the court's ruling on plaintiff's motion for a protective order, plaintiff's motion for an order shortening time is moot.

[2] The matter was before the court for a status (pretrial scheduling) hearing. A scheduling

1

Learned appeared on behalf of defendant Quality and attorney Alison V. Lippa appeared on behalf of defendants BANA, Balboa, and FHLMC. Plaintiff appeared pro se. For the reasons stated on the record, plaintiff's motion for a protective order is granted; plaintiff's motion for approval for the filing of lis pendens is granted; plaintiff's motion for sanctions is denied; and it is recommended that plaintiff's motion for default judgment be denied.[3]

I.     Motion for Default

On October 1, 2014, plaintiff filed an amended motion for default judgment against BANA, Balboa, and FHLMC, arguing that he is entitled to default judgment against these defendants because they failed to timely file an answer to his second amended complaint. ECF No. 146. Prior to plaintiff filing his motion, defendants Quality, BANA, Balboa, and FHLMC moved to dismiss plaintiff's second amended complaint. ECF Nos. 93, 96; *see also* ECF No. 100. The previously assigned district judge granted in part and denied in part Quality, BANA, and Balboa's motions on May 21, 2014, and granted in part and denied in part FHLMC's motion on July 11, 2014. ECF Nos. 132, 138. Plaintiff was not given leave to file a third amended complaint. *Id*. Although the motions were resolved by July 11, 2014, defendants BANA, Balboa, and FHLMC did not file their answers to the second amended complaint until November 10, 2014, two days before the hearing on plaintiff's motion for default.[4]  *See* Fed. R. Civ. P. 12(a) (providing that a responsive pleading must be served within 21 days).

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default

/////

---

order has been filed concurrently with this order and findings and recommendations.

[3] Plaintiff was previously ordered to show cause why defendants Bank of America Mortgage and Home Retention Group should not be dismissed from this action. ECF No. 123 at 54-56. Although not addressed at the November 12 hearing, the court addresses plaintiff's failure to respond to the prior order to show cause herein.

[4] Quality filed an answer to the second amended complaint on June 9, 2014.

2

against a defendant cuts off that defendant's right to appear in the action or to present evidence. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

Here, BANA, Balboa, and FHLMC have appeared in this action and manifested their intent to defend against plaintiff's claims. Indeed, these defendants moved to dismiss plaintiff's second amended complaint. Although they belatedly filed their answers, the court cannot enter default once a defendant has filed a responsive pleading. *See Horton v. Sierra Conservation Ctr.*, 2010 WL 743849, at *1 (E.D. Cal. Mar. 1, 2010) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has filed a response indicating its intent to defend the action)).

Accordingly, plaintiff's motion for default judgment must be denied.[5]

II. <u>Order to Show Cause Regarding Defendants Bank of America Mortgage and Home Retention Group</u>

Defendants Bank of America Mortgage and Home Retention Group have not yet appeared in this action. However, it is unclear from the docket whether service of process was ever completed as to these defendants. For that reason, plaintiff was ordered to show cause why these defendants should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous orders.[6] ECF No. 123 at 54-56. The order explained to plaintiff that if

---

[5] Plaintiff also filed a document entitled second motion for default, in which he requests that the clerk enter defendants BANA, Balboa, and FHLMC's default. As these defendants have appeared and demonstrated their intent to defend the action, that motion must also be denied.

[6] As observed in the court's March 26, 2013 order and findings and recommendations, Home Retention Group was served with plaintiff's first amended complaint, ECF No. 28, and the clerk previously entered that defendant's default. *See* ECF No. 35. However, the second amended complaint asserted new claims and new allegations against that defendant. Plaintiff was required to serve that defendant with a copy of the second amended complaint. *See The Rutter Group, Cal. Prac. Guide Fed. Civ. Pro. Before Trial*, § 8:1437 ("An amended complaint need not be served on defendants whose default has been entered for failure to respond to the original complaint . . . unless the amendment asserts new or additional claims for relief against those defendants. . . . If new or additional claims for relief are sought against the party in default, the amendment 'opens' the default and new service is required under Rule 4." (citing Fed. R. Civ. P.

3

1  he filed a third amended complaint and did not name Bank of America Mortgage or Home
2  Retention Group as defendants, he need not respond to the order to show cause. However, if
3  plaintiff proceeded with the claims alleged in the second amended complaint, he was required to
4  respond to the order to show cause. Plaintiff was also admonished that failure to comply with the
5  order to show cause may result in a recommendation that Bank of America Mortgage and Home
6  Retention Group and/or this action be dismissed for failure to follow court orders, for failure to
7  effect service of process within the time prescribed by Rule 4(m) and/or for lack of prosecution
8  under Rule 41(b). ECF No. 123 at 54-56.

9      As noted above, the district judge's last order addressing the March 26, 2013 findings and
10 recommendations was issued on July 11, 2014. *See* ECF No. 138. Accordingly, plaintiff was
11 required to respond to the order to show cause by no later than August 25, 2014. That deadline
12 has now passed and plaintiff has failed to file a response. Therefore, defendants Bank of America
13 Mortgage and Home Retention Group should be dismissed pursuant to Rule 4(m) as well as for
14 failure to prosecute and to comply with court orders. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R.
15 110.

16 III.    Conclusion

17     Accordingly, it is hereby ORDERED that:

18     1. Plaintiff's motion for a protective order, ECF No. 150, is granted. Plaintiff shall have
19 30 days from the date of the parties' Rule 26(f) conference to serve his response to Quality's
20 discovery requests.

21     2. Plaintiff's motion for sanctions, ECF No. 150, is denied;

22     3. Plaintiff's motion for an order shortening time is denied as moot; and

23     4. Plaintiff's motion for approval for the filing of lis pendens is granted.

24 /////
25 /////
26 /////

27
28 5(a)(2); *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008); *D'Angelo v. Potter*, 221 F.R.D. 289, 293 (D. Mass. 2004)).

Further, it is RECOMMENDED that:

1. Plaintiff's motion for default judgment against BANA, Balboa, and FHLMC, ECF No. 146, be denied,

2. The motion for a clerk's entry of the default of BANA, Balboa, and FHLMC, ECF No. 149, be denied; and

3. Bank of America Mortgage and Home Retention Group be dismissed from this action based on plaintiff's failure to prosecute and follow this court's order and Local Rules.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE