UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | No. 2:11-cv-2953-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA N.A., BANK OF AMERICA MORTGAGE, BANK OF AMERICA HOME LOANS SERVICING LP, BALBOA INSURANCE CO., HOME RETENTION GROUP, QUALITY RETENTION GROUP, QUALITY LOAN SERVICE CORP., CLIFF COLER, DOES 1-40, | |
| Defendants. | |

On November 18, 2014, the court issued an order granting plaintiff's motion for a protective order. ECF No. 159. The order provided that "Plaintiff shall have 30 days from the date of the parties' Rule 26(f) conference to serve his response to Quality's discovery requests." *Id*. at 4.

On December 1, 2014, plaintiff filed a motion for clarification, arguing that it was not clear when he was required to serve his response to defendant Quality's discovery requests. ECF No. 163. He contends that the court's order could be interpreted to mean that Quality is required to reserve its discovery requests and that he has 30 days to respond from the date of service, or

1

1  that Quality is not required to reserve its discovery requests and that plaintiff has 30 days from the
2  date of the parties' Rule 26(f) conference to serve his response. *Id*.
3        The November 18 order makes no mention of Quality reserving its discovery requests.
4  Furthermore, at the hearing on plaintiff's motion for a protective order, the court did not order
5  Quality to reserve its discovery, nor was there any discussion about reserving the discovery
6  requests. Moreover, the November 18 order specifically states that "Plaintiff shall have 30 days
7  from the date of the parties' Rule 26(f) conference to serve his response to Quality's discovery
8  requests." *Id*. at 4. There is nothing ambiguous about this statement.
9        Regardless, plaintiff's motion for clarification is now moot. On December 2, 2014,
10 Matthew Learned, counsel for Quality, filed a declaration stating that the parties completed their
11 Rule 26(f) conference on December 1, 2014, and that Quality also reserved its discovery requests
12 on plaintiff on December 1, 2014. ECF No. 164 ¶¶ 6, 8. Therefore, under both of plaintiff's
13 interpretations of the November 18, 2014 order, he is required to serve his responses by
14 December 31, 2014.
15       Accordingly, plaintiff's motion for clarification, ECF No. 163, is denied as moot.
16 DATED: December 4, 2014.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE