UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A.; FHLMC LBAC 173 a.k.a. FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC); BAC HOME LOANS SERVICING LP; BALBOA INSURANCE CO.; BANK OF AMERICA MORTGAGE; QUALITY LOAN SERVICE CORP.; HOME RETENTION GROUP,<br><br>Defendants. | No.  2:11-cv-2953-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter was before the court on February 25, 1015, for hearing on plaintiff's motion to amend the second amended complaint. ECF No. 168.[1]  Attorney Alison Lippa appeared on behalf of defendants Bank of America N.A. ("BANA"), Balboa Insurance Co. ("Balboa"), and Federal Home Loan Mortgage Corporation ("FHLMC"); Plaintiff appeared pro se.

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

As explained below, plaintiff's motion should be denied without prejudice.[2]

Plaintiff's motion simply seeks to correct the name of one of the defendants named in this action to substitute the name Home Retention Services Inc. for Home Retention Group. ECF No. 168. At the hearing plaintiff explained that he is trying to ensure that this defendant's name is correctly stated on his second amended complaint. However, currently pending before the court are findings and recommendation that may render plaintiff's motion to amend moot. Accordingly, as discussed below, it is recommended that the motion to amend be denied without prejudice.

Defendants Quality Loan Services Corp. ("Quality"), BANA, Balboa, and FHLMC previously moved to dismiss plaintiff second amended complaint. ECF Nos. 93, 96. On March 26, 2013, the court issued findings and recommendation recommending that the motions be granted, but that plaintiff be given leave to file a third amended complaint. ECF No. 123. The court also ordered plaintiff to show cause why defendants Bank or America Mortgage and Home Retention Group, who have not appeared in this action, should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's orders. *Id.* at 54-56. The order explained that it was unclear form the docket whether service was ever completed as to these defendants.

The order specifically noted that the docket reflects that Home Retention Group was served with plaintiff's first amended complaint, ECF No. 28, and the clerk previously entered that defendant's default. ECF No. 35. However, it was explained to plaintiff that by adding new

---

[2] Within plaintiff's motion to amend is a request for the court hold an evidentiary hearing on the issue of how Home Retention Group and/or Home Retention Services, Inc. relate to defendant BANA. ECF No. 168. It appears that plaintiff is seeking to conduct discovery into the relationship between the parties. However, there is no indication that plaintiff has actually served any discovery requests on any of the defendants. Defendants BANA, Balboa, and FHLMC contend that "Plaintiff has failed to propound any discovery on any entity either connected with this case or any third parties concerning the allegations he asserts, and has offered no reason to this Court why he has failed to discover information on his own or why an 'evidentiary hearing' is necessary where such discovery has not already been conducted." ECF No. 169. Plaintiff is not entitled to an "evidentiary hearing" before the court for the purposes of conducting discovery, and therefore his request is denied. Plaintiff is hereby notified that he must avail himself of the discovery devices contemplated by the Federal Rules of Civil Procedure.

claims and new allegations against Home Retention Group to the second amended complaint, that party's default is opened and the plaintiff was required to serve that defendant with a copy of the second amended complaint. *See* The Rutter Group, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial*, § 8:1437 ("An amended complaint need not be served on defendants whose default has been entered for failure to respond to the original complaint . . . unless the amendment asserts new or additional claims for relief against those defendants. . . . *If new or additional claims for relief are sought against the party in default, the amendment 'opens' the default and new service is required under Rule 4.*" (emphasis added) (citing Fed. R. Civ. P. 5(a)(2); *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008); *D'Angelo v. Potter*, 221 F.R.D. 289, 293 (D. Mass. 2004)). The proof of service filed with plaintiff's second amended complaint indicates that Home Retention Group was not served a copy of the second amended complaint. ECF No. 91 at 48-49.

The order to show cause required plaintiff to respond within forty-five days from the date of any order adopting or declining to adopt the findings and recommendations, in this case on or before August 25, 2014. ECF Nos. 132 & 138. Plaintiff, however, failed to do so.[3] Accordingly, on November 18, 2014, it was recommended that defendants Bank of America Mortgage and Home Retention Group be dismissed pursuant to Rule 4(m) as well as for failure to prosecute and to comply with court orders. ECF No. 159.

Plaintiff also restates some of the arguments he made in his objections to the November 18, 2014 findings and recommendations. ECF No. 166. He argued in his objections that there will be no prejudice to these two defendants if they are required to remain in this action, *id*. at 2-6, but failed to address service of the second amended complaint on Bank of America Mortgage and Home Retention Group. Thus, it remains unclear whether these defendants were properly served. Accordingly, there is no reason for the court in the context of this motion to revisit the November 18, 2014 findings and recommendations which recommend, among other things, that

---

[3] Plaintiff was admonished that failure to comply with the order to show cause could result in a recommendation that Bank of America Mortgage and Home Retention Group and/or this action be dismissed for failure to follow court orders, for failure to effect service of process with the time prescribed by Rule 4(m) and/or for lack of prosecution under Rule 41(b). ECF No. 123 at 54-56. To date, no response has been filed and plaintiff has not address the issue of whether Bank of America Mortgage and Home Retention Group were properly served.

Bank of America Mortgage and Home Retention Group be dismissed for failure to effect service of process within the time provided by Rule 4(m).[4]  Should the pending findings and recommendations be adopted by the district judge, Home Retention Group will be dismissed from this action and plaintiff's motion to amend rendered moot.  If they are not, plaintiff may renew his motion to correct the caption to state the name for Home Retention Services, Inc.  Accordingly, the court recommends that plaintiff's motion to amend be denied without prejudice.

Accordingly, it is hereby ORDERED that plaintiff's request for an evidentiary hearing is denied.

Further, it is RECOMMENDED that plaintiff's motion to amend the second amended complaint, ECF No. 168, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 26, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The findings and recommendation also recommended that plaintiff's motion for default against BANA, Balboa, and FHLMC, ECF No. 146, and motion for clerk's entry of default against the same defendant, ECF No. 149, be denied.  ECF No. 159 at 5.