UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.; FHLMC LBAC 173 a.k.a. FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC); BAC HOME LOANS SERVICING LP; BALBOA INSURANCE CO.; BANK OF AMERICA MORTGAGE; QUALITY LOAN SERVICES CORP.; HOME RETENTION GROUP; and DOES 2-40,<br><br>　　　　Defendants. | No.　2:11-cv-02953-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

　　Defendant Quality Loan Services Corporation ("Quality" or "Defendant") seeks to dismiss Christopher D. Schneider's ("Plaintiff") complaint because of his alleged failure to comply with an order compelling discovery.  The Court denies the motion because Plaintiff has adequately complied and Defendant has not

///

///

1

suffered prejudice.[1]

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendant Quality, in concert with other defendant institutions (collectively, "Defendants"), created an "improper and involuntary escrow account" on Plaintiff's property, and compelled Plaintiff to enter an insurance agreement for which Defendants received "improper kickbacks" from the insurance company.  SAC ¶¶ 28-29.  Defendant Quality is represented by Attorney Matthew Bryan Learned. Attorney Alison Valerie Lippa represents all other defendants ("co-Defendants").

For almost a year, the parties have been embroiled in discovery disputes.  Recently, Defendants secured an order to compel Plaintiff's compliance with discovery (Doc. #206).  All defendants represented by Attorney Lippa subsequently moved to dismiss the case with prejudice for Plaintiff's failure to comply with that order (Doc. #207).  That motion has since been voluntarily dismissed on the basis that Plaintiff had complied with discovery (Doc. #225).  One day before that motion's dismissal, Defendant Quality filed a similar motion to dismiss, which is presently before this Court (Doc. #224).  Plaintiff opposes the motion (Doc. #227).

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 2, 2015.

II.   OPINION

A.   Legal Standard

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case where a plaintiff fails to "comply with . . . a court order[.]"  In addition, Rule 37(b) specifies that a court may "dismiss[] [an] action or proceeding in whole or in part" for defiance of a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  Dismissal under either rule is subject to the Court's discretion.  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  A key consideration under both rules is whether the noncompliance has caused prejudice to the moving party.  Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980); Banga v. Experian Info. Solutions, 2009 WL 2407419, at *1 (N.D. Cal. Aug. 4, 2009).

B.   Analysis

Defendant urges the Court to dismiss this case for Plaintiff's failure to comply with the May 13, 2015 discovery order.  Mot. at 3.  That order required Plaintiff to serve responses to interrogatories, to produce documents in response to requests for production, and to appear for deposition.  Discovery Order (Doc. #206) at 2.  Plaintiff contends that between June 26, 2015 and the date of filing his opposition (August 18, 2015), he has complied with discovery and has now "turned over every [responsive] document is his possession[.]"  Opp. at 2:6; Yesk Decl. at 2.  He also states that he appeared for deposition on July 28 and August 3, at which time Defendant Quality's counsel was present.  Opp. at 1-2; Yesk Decl. at 2.

1    Defendant concedes in its reply that Plaintiff in fact
2 appeared for deposition.  Reply at 3.  Plaintiff's
3 representations about his compliance are also bolstered by co-
4 Defendants' notice to the Court – filed one day after
5 Defendant's present motion – stating that Plaintiff produced
6 documents and appeared for deposition.  <u>See generally</u> Defendant
7 Bank of America N.A.'s Notice of Plaintiff's Compliance (Doc.
8 #225).
9    Defendant protests that even if Plaintiff produced
10 documents to Bank of America, he never produced those documents
11 to Quality.  Reply at 3.  But Defendant appears to concede that
12 it has access to the discovery documents produced to Bank of
13 America.  <u>See</u> <u>id.</u> (complaining that these "749 pages of
14 material" were not "organize[d] and label[ed.]").
15    Thus, even if these documents were not produced directly to
16 Quality, they were produced to co-Defendants' counsel and
17 Defendant Quality has access to them.  The Court is not
18 persuaded that Defendant suffered prejudice by the
19 unavailability of these documents when they were in fact
20 available.  Defendant further argues that it has been prejudiced
21 because the deadline to file dispositive motions is fast
22 approaching: September 16, 2015.  Reply at 2.  If Defendant
23 believes it requires more time to prepare and file a dispositive
24 motion, it may petition the Court to amend the scheduling order.
25    The Court declines to issue the severe sanction of
26 dismissal in this case.  Defendant has not demonstrated
27 Plaintiff's noncompliance.  <u>See</u> <u>United States v. Nat'l Med.</u>
28 <u>Enterprises, Inc.</u>, 792 F.2d 906, 911 (9th Cir. 1986) ("[T]he

4

district judge is best equipped to assess the circumstances of the noncompliance."). To the contrary, Plaintiff's attorney's sworn declaration, representations by co-Defendants, as well as Defendant Quality's own concessions, indicate that Plaintiff is in compliance.

## III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: August 31, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5