1   MCGUIREWOODS LLP
    LESLIE M. WERLIN (SBN 067994)
2   ALISON V. LIPPA (SBN 160807)
    LAURA COOMBE (SBN 260663)
3   lwerlin@mcguirewoods.com
    alippa@mcguirewoods.com
4   lcoombe@mcguirewoods.com
    1800 Century Park East, 8th Floor
5   Los Angeles, CA  90067-1501
    Telephone:  310.315.8200
6   Facsimile:  310.315.8210

7   Attorneys for Defendants
    BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME
8   LOANS SERVICING, LP; BALBOA INSURANCE COMPANY; and FEDERAL HOME LOAN
    MORTGAGE CORPORATION (erroneously sued herein as "FHLMC LBAC 173 a.k.a. Federal
9   Home Loan Mortgage Corporation (FREDDIE MAC)")

10              UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

13  CHRISTOPHER D. SCHNEIDER,              CASE NO. 2:11-CV-02953-JAM-EFB

14           Plaintiff,                    The Hon. John A. Mendez

15      vs.                               **DEFENDANTS BANK OF AMERICA,
                                          N.A., FOR ITSELF AND AS SUCCESSOR
16  BANK OF AMERICA N.A., FHLMC LBAC       BY MERGER TO BAC HOME LOANS
    173 a.k.a. FEDERAL HOME LOAN           SERVICING, LP; BALBOA INSURANCE
17  MORTGAGE CORPORATION (FREDDIE          COMPANY; AND FEDERAL HOME
    MAC), BAC HOME LOANS SERVICING         LOAN MORTGAGE CORPORATIONS'
18  LP, BALBOA INSURANCE CO, BANK OF       PROPOSED JURY INSTRUCTIONS**
    AMERICA MORTGAGE, QUALITY LOAN
19  SERVICE CORP, HOME RETENTION          **[DISPUTED JURY INSTRUCTIONS]**
    GROUP, DOES 2-40,
20                                         Complaint Filed:    November 7, 2011
             Defendants.                   Trial Date:         May 16, 2016
21

22

23

24

25

26

27

28

77979688.1

1  **TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** Defendants Bank of America, N.A., for itself and as successor

3  by merger to BAC Home Loans Servicing, LP,  Balboa Insurance Company and Federal Home

4  Loan Mortgage Corporation ("Defendants"), by and through their undersigned counsel,

5  McGuireWoods LLP, hereby submit the following the following proposed jury instructions, which

6  Defendants request be given to the jury in the order set forth herein.

7      None of these instructions have been agreed to by Plaintiff and should therefore be deemed

8  "Disputed Jury Instructions" under the Court's amended pre-trial conference order (Dkt. 254, p.

9  24).

10

11  DATED: May 13, 2016              Respectfully submitted,

12                                   MCGUIREWOODS LLP

13

14

15                      By:  /s/ Leslie M. Werlin
                                Leslie M. Werlin
16                              Alison V. Lippa
                                Laura Coombe
17                              Attorneys for BANK OF AMERICA, N.A., for
                                itself and as successor by merger to BAC HOME
18                              LOANS SERVICING, LP; BALBOA
                                INSURANCE COMPANY; and FEDERAL
19                              HOME LOAN MORTGAGE CORPORATION

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 1:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority

(FEDCIV-JI9C 1.1A) (as modified)

3

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**Defendants' Requested No. 2:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Some of you are alternate jurors. As alternate jurors, you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel.  You will observe the same trial and should pay attention to all of my instructions just as if you were sitting on the panel. Sometimes a juror needs to be excused during a trial for illness or some other reason. If that happens, an alternate will be selected to take that juror's place.

Authority

CACI 111

**Defendants' Requested No. 3:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

To assist you in your tasks as jurors, I will now explain how the trial will proceed. I will begin by identifying the parties to the case. Christopher Schneider filed this lawsuit. He is called a plaintiff. He seeks damages from Bank of America, Balboa Insurance Company and The Federal Home Loan Mortgage Corporation, who are called defendants.  Each plaintiff and each defendant is called a party to the case.

First, each side may make an opening statement, but neither side is required to do so. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. Also, because it is often difficult to give you the evidence in the order we would prefer, the opening statement allows you to keep an overview of the case in mind during the presentation of the evidence.

Next, the jury will hear the evidence.

Plaintiff will present evidence first. When he is finished, the Defendants will have an opportunity to present evidence.

Each witness will first be questioned by the side that asked the witness to testify. This is called direct examination. Then the other side is permitted to question the witness. This is called cross-examination.

Documents or objects referred to during the trial are called exhibits. Exhibits are given a number or letter so that they may be clearly identified. Exhibits are not evidence until I admit them into evidence. During your deliberations, you will be able to look at all exhibits admitted into evidence.

There are many rules that govern whether something will be admitted into evidence. As one side presents evidence, the other side has the right to object and to ask me to decide if the evidence is permitted by the rules. Usually, I will decide immediately, but sometimes I may have to hear arguments outside of your presence.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. What the parties say in closing argument is not evidence. The arguments are offered to help you understand the evidence and how the law applies to it.

<u>Authority</u>

CACI 100

**Defendants' Requested No. 4:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority

(FEDCIV-JI9C 1.14) (as modified)

**Defendants' Requested No. 5:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority

(FEDCIV-JI9C 1.18) (as modified)

**Defendants' Requested No. 6:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority

(FEDCIV-JI9C 1.10) (as modified)

**Defendants' Requested No. 7:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

<u>Authority</u>

(FEDCIV-JI9C 1.13) (as modified)

10

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**Defendants' Requested No. 8:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.
4. matters I instruct that you must accept as true.

<u>Authority</u>

(FEDCIV-JI9C 1.6) (as modified)

1  **Defendants' Requested No. 9:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority

(FEDCIV-JI9C 1.7) (as modified)

1  **Defendants' Requested No. 10:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

9  Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

10  testimony by a witness about what that witness personally saw or heard or did. Circumstantial

    evidence is proof of one or more facts from which you could find another fact. You should

11  consider both kinds of evidence. The law makes no distinction between the weight to be given to

    either direct or circumstantial evidence. It is for you to decide how much weight to give to any

12  evidence.

13

14  Authority

15  (FEDCIV-JI9C 1.9) (as modified)

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Defendants' Requested No. 11:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

9  Plaintiff asserts claims in this action for violations of the Real Estate Settlement Procedures Act,
10 the Truth in Lending Act, the Rosenthal Fair Debt Collection Practices Act, California Civil Code
§ 2954, fraud, breach of contract, conversion, and breach of the covenant of good faith and fair
11 dealing.   Plaintiff does not allege all claims against all Defendants.  To assist you to understand
12 what claims are asserted against what Defendants, I will now briefly renew the claims plaintiff
asserts and against whom he asserts them.  (Court to read from attached chart.)

13 I will instruct you as to each of the elements of these claims.
14
15 It is the burden of Plaintiff to establish that each element of each of these claims is more likely
true than not true.
16
17 In addition, except for the claim under Civil Code § 2954, each claim asserted by Plaintiff requires
that Plaintiff establish damages.  I will instruct what Plaintiff must prove to establish damages.  It
18 is also Plaintiff's burden to prove his damages, according to those instructions, with evidence that
is more likely true than not true.
19
20 If you determine that Plaintiff has failed to prove any element of his claims either by failing to
offer evidence or by offering evidence that you do not find to be more likely true than not true,
21 your verdict must be for the Defendant or Defendants against whom the claim is alleged on each
22 such claim.
23
24 Authority
25 (FEDCIV-JI9C 1.2) (as modified)
26
27
28

# CHART

| Claim | Allegations |
|---|---|
| First claim for violation of the Real Estate Settlement Procedures Act | Plaintiff alleges that defendant violated the Real Estate Settlement Procedures Act by failing to respond to over ten qualified written requests between August 2010 and October 2011. |
| | This claim is asserted against defendant Bank of America only. |
| Second claim for violation of the Truth in Lending Act | Plaintiff alleges that defendant violated the Truth in Lending Act by: (1) failing to timely post his December 13, 2010 payment, which resulted in a $48.43 late charge, and (2) not providing him with the amount of arrears and the total outstanding balance of his loan within a reasonable time following his November 9, 2011 call requesting that information. |
| | This claim is asserted against Bank of America only. |
| Third claim for violation of the California Rosenthal Fair Debt Collection Act | Plaintiff alleges that defendant violated the California Rosenthal Fair Debt Collection Act by falsely referring to Quality Loan Service Corp. as foreclosure attorneys during a November 9, 2011 phone call. |
| | This claim is asserted against Bank of America only. |
| Fourth claim for violation of California Civil Code § 2954(a)(1) | Plaintiff alleges violation of this statute. |
| | This claim is asserted against Bank of America only. |
| Fifth claim for fraud | Plaintiff alleges that defendant tricked him into signing loan documents when they knew they would not honor the terms regarding any future escrow account. |
| | This claim is asserted against Bank of America only. |
| Sixth claim for breach of contract | Plaintiff alleges that defendant breached the deed of trust by (1) creating an unlawful escrow account on his mortgage loan and (2) failing to credit his payments in a timely manner. |
| | This claim is asserted against Bank of America only. |
| Ninth claim for conversion | Plaintiff alleges that defendants collected from him "escrow funds" which were to be credited to his mortgage payments (interest and principal) and, to the degree they were surplus, were to be returned to |

| Claim | Allegations |
|---|---|
| | plaintiff.  Plaintiff alleges the funds were wrongfully kept. |
| | This claim is asserted against all three defendants. |
| Eleventh claim for violation of the covenant of good faith and fair dealing | Plaintiff alleges that defendant violated the covenant of good faith and fair dealing by doing what is alleged in the second amended complaint, when BANA "acted in bad faith by initiating and continuing foreclosure proceedings." |
| | This claim is asserted against Bank of America only. |

1  **Defendants' Requested No. 12:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

9  The three defendants in this action are corporations.  Each of these defendants is entitled to the

10  same fair and impartial treatment that you would give to an individual. You must decide this case

with the same fairness that you would use if you were deciding the case between individuals.

11  When I use words like "person" or "he" or "she" in these instructions to refer to a party, those

instructions also apply to the defendants.

12

13  <u>Authority</u>

14  CACI 5006

15

**Defendants' Requested No. 13:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority

(FEDCIV-JI9C 1.3) (as modified)

**Defendants' Requested No. 14:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

Authority

CACI 201

**Defendants' Requested No. 15:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Sworn testimony, documents, or anything else may be admitted into evidence. You must decide what the facts are in this case from the evidence you see or hear during the trial. You may not consider as evidence anything that you see or hear when court is not in session, even something done or said by one of the parties, attorneys, or witnesses.

What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys will talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.

The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggests that it is true. However, the attorneys for both sides can agree that certain facts are true. This agreement is called a "stipulation." No other proof is needed and you must accept those facts as true in this trial.

Each side has the right to object to evidence offered by the other side. If I do not agree with the objection, I will say it is overruled. If I overrule an objection, the witness will answer and you may consider the evidence. If I agree with the objection, I will say it is sustained. If I sustain an objection, you must ignore the question. If the witness did not answer, you must not guess what he or she might have said or why I sustained the objection. If the witness has already answered, you must ignore the answer.

There will be times when I need to talk to the attorneys privately. Do not be concerned about our discussions or try to guess what is being said.

/ / /

/ / /

/ / /

/ / /

20
DEFENDANTS' PROPOSED JURY INSTRUCTIONS

An attorney may make a motion to strike testimony that you have heard. If I grant the motion, you must totally disregard that testimony. You must treat it as though it did not exist.

<u>Authority</u>

CACI 106

**Defendants' Requested No. 16:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Some evidence may be admitted for a limited purpose only.

If I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority

(FEDCIV-JI9C 1.8) (as modified)

**Defendants' Requested No. 17:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case and any bias or prejudice;
(5) whether other evidence contradicted the witness's testimony;
(6) the reasonableness of the witness's testimony in light of all the evidence; and
(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority

(FEDCIV-JI9C 1.11) (as modified)

**Defendants' Requested No. 18:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

<u>Authority</u>

(FEDCIV-JI9C 2.8) (as modified)

1    **Defendants' Requested No. 19:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9    A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

10

11   When you evaluate evidence of such a statement, you must consider these questions:

12   1.      Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

13

14   2.      If you believe that the statement was made, do you believe it was reported accurately?

15   You should view testimony about an oral statement made by a party outside the courtroom with caution.

16

17

18   <u>Authority</u>

19   CACI 212

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 20:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

Authority

CACI 205

**Defendants' Requested No. 21:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

<u>Authority</u>

CACI 203

**Defendants' Requested No. 22:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky. Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence." In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

Authority

CACI 202

**Defendants' Requested No. 23:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

Authority

CACI 113

1  **Defendants' Requested No. 24:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

During the trial, you may hear deposition testimony that was read from a deposition transcript. A deposition is the testimony of a person taken before trial. At a deposition, the person is sworn to tell the truth and is questioned by the attorneys.  You must consider the deposition testimony that was presented to you in the same way as you consider testimony given in court.

Authority

CACI 207 (modified)

**Defendants' Requested No. 25:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Statements made by the Plaintiff in his second amended complaint filed with the Court are admissions by Plaintiff which should be considered by you as evidence.

Authority

American Title Ins. v. Lawson, 861 F.2d 224, 226 (9th Cir. 1988)

**Defendants' Requested No. 26:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

You must accept the following facts as being true:

1.      In 2001, Plaintiff obtained a mortgage loan from Bank of America in the amount of $132,000 to purchase the real property located at 16291 Stone Jug Road, Sutter Creek, CA 95685.

2.      In May 2010, Plaintiff received a notice from BAC Home Loans Servicing, LP requesting a copy of his homeowner's insurance policy.  Plaintiff was unable to obtain property insurance until December 14, 2010.  The same policy is allegedly still in effect.

Authority

Amended Pre-Trial Conference Order (Dkt. 254, p.2, line 10-16 (modified).

**Defendants' Requested No. 27:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Members of the jury, you have now heard all the evidence and the closing arguments of the attorneys.  It is my duty to instruct you on the law that applies to this case. You must follow these instructions as well as those that I previously gave you.  You will have a copy of my instructions with you when you go to the jury room to deliberate.

You must decide what the facts are. You must consider all the evidence and then decide what you think happened. You must decide the facts based on the evidence admitted in this trial. Do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial. You must not let bias, sympathy, prejudice, or public opinion influence your decision.

I will now tell you the law that you must follow to reach your verdict. You must follow the law exactly as I give it to you, even if you disagree with it. If the attorneys have said anything different about what the law means, you must follow what I say.

In reaching your verdict, do not guess what I think your verdict should be from something I may have said or done.

Pay careful attention to all the instructions that I give you. All the instructions are important because together they state the law that you will use in this case. You must consider all of the instructions together.

After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.

If I repeat any ideas or rules of law during my instructions, that does not mean that these ideas or rules are more important than the others. In addition, the order in which the instructions are given does not make any difference.

Most of the instructions are typed. However, some handwritten or typewritten words may have been added, and some words may have been deleted. Do not discuss or consider why words may have been added or deleted. Please treat all the words the same, no matter what their format. Simply accept the instruction in its final form.

Authority

CACI 5000

1   **Defendants' Requested No. 28:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

There are three defendants in this trial.  You should decide the case against each defendant separately as if it were a separate lawsuit.  Each defendant is entitled to separate consideration of the evidence that was presented

Unless I tell you otherwise, all instructions apply to each plaintiff and defendant.

Authority

CACI 5005 (modified)

1   **Defendants' Requested No. 29:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9   You must decide what the facts are in this case from the evidence you have seen or heard during

10  the trial, including any exhibits that I admit into evidence. You may not consider as evidence

    anything that you saw or heard when court was not in session, even something done or said by one

11  of the parties, attorneys, or witnesses.

12  What the attorneys say during the trial is not evidence. In their opening statements and closing

13  arguments, the attorneys talk to you about the law and the evidence. What the lawyers say may

    help you understand the law and the evidence, but their statements and arguments are not

14  evidence.

15  The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should

16  not think that something is true just because an attorney's question suggested that it was true.

    Each side had the right to object to evidence offered by the other side. If I sustained an objection

17  to a question, you must ignore the question. If the witness did not answer, you must not guess

18  what he or she might have said or why I sustained the objection. If the witness already answered,

    you must ignore the answer.

19

20  During the trial, I granted a motion to strike testimony that you heard. You must totally disregard

    that testimony. You must treat it as though it did not exist.

21

22  **Authority**

23

24  CACI 5002 (modified)

25

26

27

28

**Defendants' Requested No. 30:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you have taken notes during the trial, you may take your notebooks with you into the jury room.

You may use your notes only to help you remember what happened during the trial. Your independent recollection of the evidence should govern your verdict. You should not allow yourself to be influenced by the notes of other jurors if those notes differ from what you remember.

At the end of the trial, your notes will be collected and retained by the court but not as a part of the case record.

Authority

CACI 5010

**Defendants' Requested No. 31:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

During the trial, I explained to you that certain evidence was admitted for a limited purpose. You may consider that evidence only for the limited purpose that I described, and not for any other purpose.

<u>Authority</u>

CACI 206

**Defendants' Requested No. 32:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

During the trial, I explained that certain evidence could be considered as to only one party.  You may not consider that evidence as to any other party.

Authority

CACI 207  (modified)

39
DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**Defendants' Requested No. 33:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

During the trial, you heard testimony read from a deposition. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was read to you in the same way as you consider testimony given in court.

Authority

CACI 208

**Defendants' Requested No. 34:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Authority

CACI 3964

41

**Defendants' Requested No. 35:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Any arguments made are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Authority

CACI 3925

42

1

**Defendants' Requested No. 36:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9 A deed of trust is a contract between the lender and the borrower.  It grants the lender a security
10 interest in Plaintiff's land and structures on the land in order to secure Plaintiff's performance of
all of his contractual obligations, including the promissory note he signed promising to repay the
11 money that was loaned to him.

12

13 Authority

14 Garfinkle v. Superior Court, (1978) 21 Cal.3d 268, 277.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 37:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If Plaintiff borrowed money to purchase his home, and that loan is secured by Plaintiff's house, the law allows the lender only one way it can have its loan repaid in the event Plaintiff fails to perform his obligations.  The law requires that the lender must sell Plaintiff's house through a process called foreclosure.  The law further provides that the amount the lender receives from that sale is the only amount it will recover in payment of its loan, even of the sale amount does not repay the loan in full.

Authority

In re Prestige Partnership, 234 F.3d 1108, 1116 (9th Cir. 2000) ("[Civil Code] Section 580b precludes a deficiency judgment on a purchase money note and provides, in part, that "no deficiency judgment shall lie in any event after a sale of real property . . . for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property." Cal. Civ. Proc. Code § 580b.  California's anti-deficiency statutes are intended "to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security."); Code of Civil Procedure §726, Bank of America v. Graves, (1996) 51 Cal.App.4th 607, 611.

1

**Defendants' Requested No. 38:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

If a person does not pay taxes on real property when they are due, that failure to pay creates a lien on the real property in favor of the taxing authority, and that tax lien has priority over any other lien on the real property regardless of when the other lien was created, including a mortgage created before the time the taxes become due.

Authority:

Cal. Rev & Tax Code §§ 117, 2187 ("Every tax, penalty, or interest, including redemption penalty or interest, on real property is a lien against the property assessed."); § 2192 (tax liens attach annually); § 2192.1 ("Every tax declared in this chapter to be a lien on real property, and every public improvement assessment declared by law to be a lien on real property, have priority over all other liens on the property, regardless of the time of their creation.  Any tax or assessment described in the preceding sentence shall be given priority over matters including, but not limited to, any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable")

**Defendants' Requested No. 39:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If the Plaintiff filed a bankruptcy and later received a discharge in that bankruptcy proceeding, that discharge releases Plaintiff from all personal liability on all debts that are discharged.  This release from liability includes any personal obligation by Plaintiff to repay any part of the money that Plaintiff borrowed from Bank of America any time prior to the date the bankruptcy was filed.  After the discharge, the person to whom the money is owed is barred as a matter of law from taking any action against Plaintiff personally to collect any part of the amount that Defendant is owed on any such loan.

The only way the creditor can recover, after a bankruptcy, the money that it lent to Plaintiff is to cause a sale of the property in which it holds a security interest if Plaintiff fails to perform his obligations.  That security interest is called a deed of trust.  The creditor has no other remedy to collect any part of the amount that Plaintiff borrowed.  If the sale goes forward and the amount received is not enough to repay Plaintiff's loan, there is nothing that the creditor can do.  Therefore protection of the property and preventing its loss is very important for the lender.

<u>Authority</u>

Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991) ("A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation . . . the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.");
Polk v. County of Contra Costa, 2014 U.S. Dist. LEXIS 111713, *15-16 (E.D. Cal. Aug. 11, 2014) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor in personam — while leaving intact another — namely an action against the debtor in rem . . . This includes in rem liability arising from a lien against real property secured by a deed of trust . . . A lien secured against a debtor's real property will 'pass through bankruptcy unaffected' by the bankruptcy discharge."); In re Davis, 716 F.3d 331, 332 (4th Cir. 2013) ("the discharge serves as an injunction against efforts to collect discharged debts").

**Defendants' Requested No. 40:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Parties dealing at arm's length have no duty, responsibility or obligation to explain to each other the terms of a written contract between them.

In making a loan to a borrower, a lender acts at arm's length.

Authority:

Brookwood v. Bank of America, (1996) 45 Cal.App.4th 1667, 1674.

1

**Defendants' Requested No. 41:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

3

4

5

6

7

8

A party that has signed written contract is deemed to have agreed to all of its terms.

9

10

Authority

11

Ramos v. Westlake Services LLC, (2015) 242 Cal.App.4th 674, 686

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Parties to a contract may contractually agree how notice is to be given and what it means to receive notice.  Parties to a contract may contractually agree that the mailing of a document is notice of that document.

Authority

VL Systems v. Unisen, Inc. (2007) 152 Cal.App.4th 708, 713 (parties have right to freedom of contract)

**Defendants' Requested No. 42:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

It is not wrongful for a bank to lend money, take collateral, or to foreclose on collateral when a debt is not paid.  A bank acts properly when it seeks to protect its own economic interests and asserts its contractual rights.


Authority

Sierra-Bay Fed. Land Bank Assn. v. Superior Court, (1991) 227 Cal.App.3d 318, 334-335 ("It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid . . . And in this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights.")

**Defendants' Requested No. 43:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff claims that he made a contract with Bank of America which is oral and which is part of the deed of trust that he signed in 2001.  Plaintiff claims Bank of America promised it would never create an escrow or impound account as part of his loan.

Plaintiff claims that Bank of America breached this contract by making his loan subject to an escrow or impound account in 2010.

Plaintiff also claims that Bank of America's breach of this contract caused him harm for which Bank of America should pay.

Bank of America denies Plaintiff's claimed contract and the claims he makes about it.  Bank of America also asserts that Plaintiff has failed to act reasonably in minimizing any damages he claims to have suffered.


Authority:

CACI 300 (modified)

**Defendants' Requested No. 44:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

To prove the contract he claims, Plaintiff must prove all of the following:

1.      That the contract terms were clear enough that the parties could understand what each was required to do;

2.      That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  Consider also the circumstances under which the claimed contract was made and whether it seems more probable than not that the contract claimed by Plaintiff was made

If Plaintiff did not prove all of the above, then an oral contract as claimed by Plaintiff was not created.

Authority

CACI 302 (modified)

**Defendants' Requested No. 45:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

To recover damages from Bank of America for breach of the particular oral contract Plaintiff alleges, Plaintiff must prove all of the following:

1. That Plaintiff and Bank of America entered into the particular contract plaintiff alleges contract;

2. That Bank of America did something that the contract prohibited it from doing; and

3.   That Plaintiff was harmed by Bank of America's breach.

Authority

CACI 303 (modified)

**Defendants' Requested No. 46:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff also claims that Bank of America waived the right to place insurance on the Plaintiff's property and to pay his unpaid real estate taxes in the event Plaintiff failed to do so, and also to require that Plaintiff repay those amounts to Bank of America. Waiver is the free and intentional relinquishment (or giving up) of a known right and full knowledge of the facts.

Authority

Craig v. White, (1921) 187 Cal. 489, 498; LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co. (2007) 156 Cal.App.4th 1259, 1270.

1   **Defendants' Requested No. 47:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9   Waiver always rests upon intent of the party who is claimed to have waived its rights.

10

11   <u>Authority</u>

12   Kacha v. Allstate Ins. Co., (2006) 140 Cal.App.4th 1023, 1034

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

55

1

**Defendants' Requested No. 48:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

It is Plaintiff's burden to prove to you by clear and convincing evidence that Bank of America waived the rights I have described.  Clear and convincing evidence is evidence that does not leave in your mind a doubt about whether there was waiver.  If you are in doubt, you must find no waiver.

Authority

City of Ukiah v. Fones (1966) 64 Cal.2d 104, 107-08.

**Defendants' Requested No. 49:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | Judge | | |

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Plaintiff claims that Bank of America violated the implied promise of good faith and fair dealing.  To establish this claim, Plaintiff must prove all of the following:

1.      That Plaintiff and Defendant entered into a contract;

2.      That Plaintiff did all, or substantially all of the significant things that the contract required him to do or that he was excused from having to do those things;

3.      What Bank of America did unfairly interfered with Plaintiff's right to receive the benefits of the contract; and

4.      That Plaintiff was harmed by Bank of America's conduct.


<u>Authority</u>

(CACI 325) (as modified)

**Defendants' Requested No. 50:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

The implied covenant of good faith and fair dealing does not create a general duty to be fair or reasonable.

The covenant of good faith and fair dealing only exists to assist the parties with the contract created.  It cannot impose any duty or obligation on a contracting party that is in addition to or contrary to what is stated in the contract.

Authority

Guz v. Bechtel Nat. Inc., (2000) 24 Cal.4th 317, 349-50

**Defendants' Requested No. 51:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If a party to a contract does what the contract allows, that conduct cannot be a breach of the contract and it cannot be a breach of the covenant of good faith and fair dealing.

Authority

Wolf v. Walt Disney Pictures and Television, (2008) 162 Cal.App.4th 1107, 1120.

1

**Defendants' Requested No. 52:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

9 The implied covenant of good faith and fair dealing cannot be used by a party to contradict the

10 express terms of a contract, it cannot prohibit what the contract expressly permits, and it cannot limit or restrict an express grant of discretion or a right which the contract gives to one of the

11 contracting parties.

12

13 Authority

14 See, e.g., Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC, (2010) 185 Cal.App.4th 1050, 1061-62; Carma Developers, Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342,

15 374, 6 Cal.Rptr.2d 467, 826 P.2d 710; Wolf v. Walt Disney Pictures and Television (2008) 162 Cal.App.4th 1107, 1120; Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 106 (E.D. Cal. 2010)

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 53:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

A party complaining of the breach of a contract is not entitled to damages unless he has fulfilled his own obligations.  Therefore, if you find that Plaintiff failed to pay taxes or insurance or failed to pay for any amount it expended for either of these items, that this happened before an impound account was created and any one of these failures was not cured by Plaintiff as required by the deed of trust at the time the escrow or impound account was created, you may not find the creation of such an account was a breach of contract or breach of the implied covenant of good faith and fair dealing by any defendant.

<u>Authority</u>

Pry Corp. of America v. Leach, (1960) 177 Cal.App.2d 632, 639; Brown v. Dillard's, Inc. 430 F.3d 1004, 1010 (9th Cir. 2005) ("A bedrock principle of California contract law is that "[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.")

**Defendants' Requested No. 54:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you decide that Plaintiff has proved his claim against Bank of America for breach of contract, you must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach.  This compensation is called "damages." The purpose of such damages is to put Plaintiff in as good a position as he would have been if Bank of America had performed the contract as promised.

Authority

CACI 350

**Defendants' Requested No. 55:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

To recover damages for the breach of a contract to apply monies in a particular way, Plaintiff must prove the money was misapplied and how much was misapplied.

Authority

CACI 355 (modified)

**Defendants' Requested No. 56:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you decide that Defendant breached the contract but also that Plaintiff was not harmed by the breach, you may still award Plaintiff nominal damages such as 1¢ or $1 or something in between unless you believe Plaintiff deserves no award in any amount.

Authority

CACI 360 (modified)

**Defendants' Requested No. 57:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff claims that Defendant Bank of America made a false representation that harmed him.  To establish this claim, Plaintiff must prove all of the following:

1.      That Defendant Bank of America represented to Plaintiff that a fact was true;
2.      That Defendant Bank of America's representation was false;
3.      That Defendant Bank of America knew that the representation was false when it made it, or that it made the representation recklessly and without regard for its truth;
4.      That Defendant Bank of America intended that Plaintiff rely on the representation;
5.      That Plaintiff reasonably relied on Defendant Bank of America's representation;
6.      That Plaintiff was harmed; and
7.      That Plaintiff's reliance on Defendant Bank of America's representation was a substantial factor in causing his harm.

Plaintiff must prove every one of these elements.  If Plaintiff fails to prove any one or more of these elements, your verdict on Plaintiff's fraud claim must be for Defendant Bank of America.

Authority

See, e.g., Ach v. Finkelstein (1968) 264 Cal.App.2d 667, 674; Maddux v. Philadelphia Life Ins. (1999) 77 F.Supp.2d 1123, 1131-32.

1   **Defendants' Requested No. 58:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9   A party that claims he was defrauded into signing a contract has two options.  He can seek to undo

10   the contract which is called rescission or he can affirm the contract as written and seek to recover

damages for the claimed fraud.

11

12   In this case, Plaintiff claims a fraud relating to part of the deed of trust in favor of Bank of

America.  He does not seek to undo or rescind that agreement.  Rather, he claims damages, which

13   means he affirms or agrees the contract, and seeks damages which he claims were caused by fraud.

14

Authority

15

16   Thrifty Payless, Inc. v. Americana at Brand, LLC, (2013) 218 Cal.App.4th 1230, 1239-40;

Persson v. Smart Inventions, Inc., (2005) 125 Cal.App.4th 1141, 1153.

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 59:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

If you decide that Plaintiff has proved each element of his claims for fraud by misrepresentation against Bank of America, you also must decide how much money will reasonably compensate Plaintiff for the harm.  This compensation is called "damages."  You must determine damages in accordance with these instructions.

Authority

CACI 3900

**Defendants' Requested No. 60:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff may recover damages only if he proves that he suffered loss which was caused by a Bank of America's conduct.  Claimed damages which are speculative, remote, imaginary, contingent, or merely possible are not recoverable.

Authority

McDonald v. John P. Scripps Newspaper, (1989) 210 Cal.App.3d 100, 104;  Mozzetti v. City of Brisbane (1977) 67 Cal.App.3d 565, 577 Capell Associates, Inc. v. Central Valley Sec. Co. (1968) 260 Cal.App.2d 773, 779 ("damages cannot be recovered unless there is a causal connection between the act or omission complained of and the injury sustained.")

**Defendants' Requested No. 61:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff alleges a violation of the Federal Truth In Lending Act as a result of a telephone call he claims to have made to Bank of America on November 9, 2011 to get amounts he was in arrears on his loan and also a payoff amount.  He alleges this information was not provided within a reasonable time.

Authority

Second Amended Complaint ¶68

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**Defendants' Requested No. 62:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Under the Federal Truth In Lending Act, Bank of America was required to provide to Plaintiff an accurate statement of the amount required to satisfy his loan obligations within a reasonable time after receiving such a request.  There is no requirement that Plaintiff be provided with a statement of the amount that plaintiff was behind on his loan payments.

Authority

12 CFR 226.36(c)(iiii).

**Defendants' Requested No. 63:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you find that, within a reasonable time, Bank of America failed to provide Plaintiff with the amount necessary to pay-off his loan, you may award Plaintiff the amount of any actual damages he sustained as a result of the failure to provide the payoff figure within a reasonable time.

Plaintiff must prove the amount of actual damages he suffered and that such damages were caused by the failure to provide the payoff figure within a reasonable time. If you find there were no actual damages that Plaintiff sustained or that his claimed damages were not caused by the failure to provide the payoff figure within a reasonable time, no amount for actual damages should be awarded and your verdict should be for Bank of America.

Authority:

15 U.S.C. § 1640

**Defendants' Requested No. 64:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

Judge

Plaintiff also claims that Bank of America failed to timely post a payment he sent to the Bank in December, 2010 and which resulted in $48.43 late charge.  A failure to credit a payment as of the date of receipt entitles Plaintiff to damages caused by that delay only if there was an unreimbursed charge to Plaintiff

If you find that Plaintiff's claim is correct, you may award Plaintiff the amount to compensate him for the late posting of his payment.

<u>Authority</u>

12 C.F.R. § 226.36(c)(i)

**Defendants' Requested No. 65:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff claims that Bank of America failed to respond a written request for information.  The law known as the Real Estate Settlement Procedures Act requires a response to certain written requests for information. The requests that require a response are called a qualified written request.

Authority

12 USC § 2605

1

**Defendants' Requested No. 66:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9  A qualified written request must be in writing, must not be contained within paper supplied by the
10  person to whom it is directed, and it must include or enable that person to identify the name and
    account of the borrower, and include a statement of the reasons for the belief of the borrower that
11  the account is in error or provides sufficient detail regarding other information sought about
    servicing the loan.  Servicing means receiving any scheduled periodic payments from a borrower
12  and making the payments of principal and interest and such other payments with respect to the
    amounts received from the borrower.
13

14  A letter sent in follow up to a qualified written request is not itself a qualified written request.

15  A request for information relating to facts that would be relevant to a challenge to the validity of a
16  debt or the terms of a loan agreement are not a qualified written request.

17

18  <u>Authority</u>

19  12 USC § 2605(e)(1)(B); Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 667(9th Cir. 2012);
    Consumer Solutions Reo, LLC v. Hillery, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009); 12 USC §
20  2605(i)(3); Soriano v. Countrywide, 2011 WL 1362077, *7 (N.D. Cal. 2011)

21

22

23

24

25

26

27

28

**Defendants' Requested No. 67:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you find that Bank of America received a qualified written request from Plaintiff and failed to respond, you may consider whether the Plaintiff has suffered any damages.

A damages award requires a causal connection between the failure to respond to the qualified written request and the damages which Plaintiff claims. Mere failure to respond does not result in a damages award. Plaintiff must prove actual damages actually caused by the failure to respond. The time and expense in filing or pursing this lawsuit is a not the basis for a damages award.

Authority

Torres v. Wells Fargo Home Mortg., Inc. 2011 WL 11506, *8 (N.D. Cal. 2011); Allen v. United Financial Mortg. Corp., 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009); Lal v. American Home Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010) (under RESPA a borrower may not recover actual damages for nonpecuniary losses; not loss for litigation on RESPA claim).

**Defendants' Requested No. 68:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you find that Plaintiff has a failed to show a failure to respond to a qualified written response or that Plaintiff has failed to prove damages for any such failure, your verdict should be for Bank of America on that claim.

Authority

Torres v. Wells Fargo Home Mortg., Inc. 2011 WL 11506, *8 (N.D. Cal. 2011); Allen v. United Financial Mortg. Corp., 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009); Lal v. American Home Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010)

**Defendants' Requested No. 69:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

Plaintiff alleges that defendant Bank of America violated Civil Code §2954, which under, certain circumstances, prohibits a lender from requiring what the statute describes as an impound or escrow account as a condition of making a loan secured by real property (land and improvements).

The impound or escrow account which the statute prohibits is an account created at the time of the loan and which requires the borrower, starting from the time the loan is made, to pay the lender in advance for property taxes or hazard insurance which the lender would then pay to the tax authority or the company insuring the property.

Authority

Civil Code § 2954; Kirk v. Source One Mortgage, (1996) 46 Cal.App.4th 483.

**Defendants' Requested No. 70:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If an impound or escrow account is created at the time the loan is made, and the conditions required for such an account are not established, the validity of the loan and other provisions of the borrower's agreements are not affected.

<u>Authority</u>

Civil Code § 2954(a)(1)

1  **Defendants' Requested No. 71:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9  For an impound or escrow account is created at the time a loan is made, the borrower's only
10  remedy is to terminate the account.

11  <u>Authority</u>

12  Civil Code §2954; Roussel v. Kelly, (1871) 41 Cal. 360, 361-362  (where remedy fixed by
13  legislature it is not within a court's province to limit or enlarge the remedy); Kirkwood v. Bank of
     America, (1954) 43 Cal.2d 333, 341 (words may not be inserted in a statutory provision under the
14  guise of interpretation); Friends of Oceano Dunes v. San Luis Obispo County, (2015) 235
15  Cal.App.4th 957, 966

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **Defendants' Requested No. 72:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9   Even if an impound or escrow account is not required at the time a loan is made, such an account may be required later if certain conditions are met.  These conditions are:

10

11   1.      the deed of trust allows such an account to be imposed in the event the borrower fails to make a payment of insurance or taxes when due, and

12

13   2.      the borrower fails to make a payment of insurance or taxes when due.

14   If these conditions exist, Bank of America may require Plaintiff to make advance payments for taxes and insurance or to repay amounts advanced by Bank of America for taxes and insurance.

15

16   <u>Authority</u>

17   Civil Code § 2924.7

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 73:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

Plaintiff claims that he performed his payment obligations on his mortgage by depositing payments into a bank account he opened at El Dorado Savings.

Authority

Second Amended Complaint ¶32-33.

1

**Defendants' Requested No. 74:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

Civil Code § 1500 allows a person to make payment on a debt by depositing money into a bank account in the creditor's name if certain conditions are met.  Those conditions must be complied with strictly.  One condition is that the money must actually become the property of the creditor at the moment it is placed into the account.

Authority

Gaffney v. Downey Sav. & Loan Assn., (1988) 200 Cal.App.3d 1154, 1167; Nguyen v. Calhoun, (2003) 105 Cal.App.4th 428, 439. Verdier v. Verdier, (1955) 133 Cal.App.2d 325, 333.

**Defendants' Requested No. 75:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

In order for a deposit made under Civil Code §1500 to be treated as payment to a creditor, the person making the deposit must fully and forever lose the right to those funds, including the right to withdraw any such amounts from the account into which the funds are placed.


<u>Authority</u>

Verdier v. Verdier (1955) 133 Cal.App.2d 325, 333; Segno v. Segno, (1917) 175 Cal. 743, 744-45.

**Defendants' Requested No. 76:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If the evidence shows that Plaintiff withdrew all or any part of the funds from the Civil Code § 1500 account he created, this shows that funds in that account remained the property of Plaintiff, because he had the actual right to those funds, regardless of what he may have said.  Therefore, none of Plaintiff's deposits into that account was a payment of his mortgage obligations.

Authority

Verdier v. Verdier (1955) 133 Cal.App.2d 325, 333; Segno v. Segno, (1917) 175 Cal. 743, 744-45.

**Defendants' Requested No. 77:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff alleges a violation of the Rosenthal Fair Debt Collection Practices Act.  Plaintiff alleges he made a telephone call to Bank of America on November 9, 2011 and in that call a customer service representative named "Robert" told Plaintiff that Quality Loan Service Corporation was an attorney and that this was not true.

Authority

Second Amended Complaint ¶ 68

**Defendants' Requested No. 78:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

If you find that Plaintiff had the telephone conversation he alleges and that Plaintiff was told what he claims, you may award Plaintiff damages he sustained as the result of the information he received in that call.  If you find that Plaintiff suffered no damages, or that Plaintiff was not told what he claims, your verdict on this claim should be for Bank of America.

Authority

Civil Code § 1788.30(a).

**Defendants' Requested No. 79:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

A cause of action for conversion requires a plaintiff to show: (1) the plaintiff's ownership or right to possession of property; (2) the defendant's wrongful taking or disposition of that property; and (3) damages.  In this case, Plaintiff claims a conversion of his money.  Plaintiff must show he had the right to possess the money and that the Defendant willfully and without legal justification interfered with this right.

This cause of action is alleged against each of the Defendants.

Authority

Finton Construction, Inc. v. Bidna & Keys, APLC, (2015) 238 Cal.App.4th 200, 213; Otworth v. Southern Pac. Transportation Co. (1985) 166 Cal.App.3d 452, 458 [212 Cal.Rptr. 743, 746]; Weststeyn Dairy 2 v. Eades Commodities Co., 280 F.Supp.2d 1044, 1075(E.D. Cal. 2003).

**Defendants' Requested No. 80:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

You should consider and decide whether each of the defendants committed a conversion under these instructions. If you find that any of the defendants did not commit a conversion, your verdict on this claim should be for that defendant or defendants.

Authority

Finton Construction, Inc. v. Bidna & Keys, APLC, (2015) 238 Cal.App.4th 200, 213; Otworth v. Southern Pac. Transportation Co. (1985) 166 Cal.App.3d 452, 458 [212 Cal.Rptr. 743, 746]; Weststeyn Dairy 2 v. Eades Commodities Co., 280 F.Supp.2d 1044, 1075(E.D. Cal. 2003).

1

**Defendants' Requested No. 81:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9   You should also consider whether each defendant caused Plaintiff any damages. The measure of

10  damages for conversion, if proved, is the value of the property at the time of the wrongful taking

11  or disposition.  If you find that Plaintiff suffered no damages on his conversion claim as the result

12  of any claimed conversion by a defendant, your verdict on this claim should be for that defendant.

Authority

Service v. Trombetta, (1963) 212 Cal.App.2d 313, 316,

**Defendants' Requested No. 82:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

There is no conversion where an owner either expressly or impliedly agrees to the taking his property.  If the deed of trust authorized the creation of an impound escrow account upon Plaintiff's failure to pay for taxes or insurance, funds placed into or used for that account cannot be made the subject of a claim for conversion.

Authority

Farrington v. A. Teichert & Son, Inc. (1943) 59 Cal.App.2d 468, 474; French v. Smith Booth Usher Co., (1942) 56 Cal.App.2d 23, 27-28 [131 P.2d 863, 865-66]

**Defendants' Requested No. 83:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

Plaintiff alleges that one or more of the defendants was the agent for one or more of the other defendants in connection with the conduct which is the basis for his conversion claim.  It is Plaintiff's burden to prove the existence of any such claimed agency, as well as the scope of the agent's authority.

<u>Authority</u>

Aspen Pictures, Inc. v. Oceanic S. S. Co. (1957) 148 Cal.App.2d 238, 253

**Defendants' Requested No. 84:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Agency is a relationship where one person acts on behalf of another person. The person acting for someone else is called the agent. The person for whom the agent acts is called the principal.

If you find one of the defendants was an agent for another defendant, the other defendant would be the principal and would be liable for any conversion done by the agent. If you find the defendant acting as agent had no liability, the defendant who was the principal also has no liability and your verdict should be for both defendants.

Even though a person may act for another person, it does not mean that an agency has been created. The principal's actual right to control the action of the agent is required to find an agency relationship.

Authority

Batzel v. Smith, 333 F.3d 1018, 1035 (9th Cir. 2003); Murphy v. DirectTV, 724 F.3d 1218, 1232.

**Defendants' Requested No. 85:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

A broad general power of supervision does not create an agency relationship.  Even if a person has a right to make inquiry, inspect, or make suggestions or recommendations, an agency is not created.  The amount of control that gives rise to agency is comprehensive, immediate, and day-to-day."

Authority

ING Bank, FSB v. Chang Seob Ahn (N.D. Cal. 2010) 758 F.Supp.2d 936, 941-42 (N.D. Cal. 2010).

**Defendants' Requested No. 86:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

The law assumes that each person is acting for himself and not as an agent for anyone else.

Authority

Inglewood Teachers Assn. v. Public Employment Relations Bd. (1991) 227 Cal.App.3d 767, 780; ING Bank, FSB v. Chang Seob Ahn 758 F.Supp.2d 936, 941(N.D. Cal. 2010).

**Defendants' Requested No. 87:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

Plaintiff seeks damages from Bank of America under more than one legal theory.  However, each item of damages may be awarded only once, regardless of legal theories alleged.

You will be asked to decide whether Bank of America is liable to under the following legal theories:

1.      Breach of contract

2.      Breach of the implied covenant of good faith and fair dealing

3.      Fraud

4.      Conversion

The following items of damages are recoverable only once under all of the above legal theories assuming you find liability and that Plaintiff has been damaged:  any amount Plaintiff claims he was required to pay to Bank of America that he should not have been required to pay.


Authority

CA 3934 (modified)

**Defendants' Requested No. 88:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you decide plaintiff has proven a claim against a defendant and you find that plaintiff has sustained damages caused by that defendant's conduct, you must determine if plaintiff could have avoided any part of these damages with reasonable expenditures.  A person is required to avoid damage to himself if he can do so with reasonable effort or expenditures.  It is the defendant's burden to prove that plaintiff could avoid damages with reasonable effort or expenditures.

You should consider the reasonableness of Plaintiff's efforts in light of the circumstances facing him at the time, including her ability to make the efforts or expenditures without undue risk or hardship.

Authority

CACI 3930

**Defendants' Requested No. 89:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

If you decide that an employee of one of the defendants caused Plaintiff harm by a conversion or if you find Bank of America caused Plaintiff harm by a fraud, you must decide whether that conduct justifies an award of punitive damages against that person's employer for the employee's conduct. At this time, you must decide whether Plaintiff has proved by clear and convincing evidence that that person's employer engaged in conduct with malice, oppression, or fraud.

"Malice" means that the employee acted with intent to cause injury or that the employee's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that the employee's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of [his/her] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the employee intentionally misrepresented a material fact and did so intending to harm Plaintiff.

Plaintiff must also prove [one of] the following by clear and convincing evidence:

1.     The employee was an officer, a director, or a managing agent of the defendant who was acting on behalf of that Defendant; [or]]

2.     [That an officer, a director, or a managing agent of that defendant had advance knowledge of the unfitness of the employee and employed [him/her] with a knowing disregard of the rights or safety of others; [or]]

3.    [That an officer, a director, or a managing agent of that defendant authorized the employee's conduct; [or]]

4.    [That an officer, a director, or a managing agent of that defendant knew of the employee's wrongful conduct and adopted or approved the conduct after it occurred.]

An employee is a "managing agent" only if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine the defendant's corporate policy.

If any of what Plaintiff must prove by clear and convincing evidence is not proved, there can be no punitive damages award.

You may only consider a punitive damages award against one of the defendants for conversion if you find that this defendant committed a conversion and Plaintiff was harmed thereby.

You may only consider a punitive damages award against Bank of America for fraud if you find Bank of America committed a fraud and Plaintiff was harmed thereby.

<u>Authority</u>

CACI 3944 (modified)

1  **Defendants' Requested No. 90:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

8

9  You must now decide the amount, if any, that you should award Plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.  The only claims that can be subject to a punitive damage award are the claims for fraud and conversion.

12  There is no fixed formula for determining the amount of punitive damages and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

15  (a)      How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

17        1.      Whether the conduct caused physical harm;

18        2.      Whether the defendant disregarded the health or safety of others;

19        3.      Whether Plaintiff was financially weak or vulnerable and the defendant knew Plaintiff was financially weak or vulnerable and took advantage of him; and

21        4.      Whether the defendant acted with trickery or deceit.

23  (b)      Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm that the defendant knew was likely to occur because of its conduct?

24  (c)      In view of that defendant's financial condition, what amount is necessary to punish the defendant and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.

Punitive damages may not be used to punish a defendant for the impact of that defendant's alleged misconduct on persons other than Plaintiff.

<u>Authority</u>

CA 3949

**Defendants' Requested No. 91:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.


Authority

(FEDCIV-JI9C 3.4) (as modified)

**Defendants' Requested No. 92:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority

FEDCIV-JI9C 3.3) (as modified)

1

**Defendants' Requested No. 93:**

2

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | Judge | | | |

8

9   If it becomes necessary during your deliberations to communicate with me, you may send a note
10  through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the
    jury. No member of the jury should ever attempt to communicate with me except by a signed
11  writing; I will communicate with any member of the jury on anything concerning the case only in
12  writing, or here in open court. If you send out a question, I will consult with the parties before
    answering it, which may take some time. You may continue your deliberations while waiting for
13  the answer to any question. Remember that you are not to tell anyone—including me—how the
    jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have
14  been discharged. Do not disclose any vote count in any note to the court.

15

16  <u>Authority</u>

17  (FEDCIV-JI9C 3.2) (as modified)

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Requested No. 94:**

| Request by Plaintiff | | Request by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority

(FEDCIV-JI9C 3.1) (as modified)

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Werlin, certify that on May 13, 2016, the foregoing **DEFENDANTS BANK OF AMERICA, N.A., FOR ITSELF AND AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP; BALBOA INSURANCE COMPANY; AND FEDERAL HOME LOAN MORTGAGE CORPORATIONS' PROPOSED JURY INSTRUCTIONS** was filed electronically in the Court's Electronic Filing System ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

 /s/Leslie M. Werlin
Leslie M. Werlin

DEFENDANTS' PROPOSED JURY INSTRUCTIONS