**McGUIREWOODS LLP**
LESLIE M. WERLIN (SBN 67994)
ALISON V. LIPPA (SBN 160807)
LAURA COOMBE (SBN 260663)
lwerlin@mcguirewoods.com
alippa@mcguirewoods.com
lcoombe@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067
Telephone:   310.315.8200
Facsimile:    310.315.8210

Attorneys for Defendants
BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS SERVICING, LP; BALBOA INSURANCE COMPANY; and FEDERAL HOME LOAN MORTGAGE CORPORATION (erroneously sued herein as "FHLMC LBAC 173 a.k.a. Federal Home Loan Mortgage Corporation (FREDDIE MAC)")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>            Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA N.A., FHLMC LBAC 173 a.k.a. FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC), BAC HOME LOANS SERVICING LP, BALBOA INSURANCE CO, BANK OF AMERICA MORTGAGE, QUALITY LOAN SERVICE CORP, HOME RETENTION GROUP, DOES 2-40<br><br>            Defendants. | Case No. 2:11-CV-02953-JAM-EFB<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Trial Date: May 16, 2016<br><br>[In Support Of Pending Motions Under F.R.C.P. 50] |

78434375.2

1  Defendant Bank of America, N.A. ("Defendant"), submits this brief in support of its
2  pending motions for judgment as a matter of law.

3  **A.  <u>The Motion Should Be Granted On The Fraud Claim</u>**

4  Plaintiff must prove all elements of fraud. The failure to prove any one element is fatal to
5  the claim. *See, e.g., Okun v. Morton*, (1988) 203 Cal.App.3d 805, 828; *Maddux v. Philadelphia
6  Life Ins. Co.*, 77 F. Supp. 2d 1123, 1131-32 (S.D. Cal. 1999).  Damages is a required element of
7  fraud.  *See, e.g., Bailey v. MacFarland*, 2016 U.S. Dist. LEXIS 61218, *12 (E.D. Cal. 2016).

8  Assuming Plaintiff's testimony is credited, Defendant submits that the only non-
9  speculative damage to which Plaintiff testified was his claimed emotional distress.  Defendant
10 further submits that emotional distress damages are not recoverable for the claimed fraud because
11 Plaintiff did not offer any non-speculative evidence of any economic loss.  *See Bullard v.
12 Wastequip, Inc.*, 2014 U.S. Dist. LEXIS 185182, n. 32 *26-27 (C.D. Cal. 2014), and the cases
13 summarized therein, where the Court agreed that, because plaintiff could not recover any
14 pecuniary damages flowing from defendant's purported fraud, he could not recover emotional
15 distress damages for fraud, the court citing,

> ". . . *Crisci v. Security Ins. Co. on New Haven, Conn.*, 66 Cal.2d 425, 433-
> 34, 58 Cal. Rptr. 13, 426 P.2d 173 (1967) ("[A] plaintiff who as a result of a
> defendant's tortious conduct loses his property and suffers mental distress
> may recover not only for the pecuniary loss but also for his mental
> distress"); *Sprague v. Equifax, Inc.*, 166 Cal.App.3d 1012, 1031, 213 Cal.
> Rptr. 69 (1985) (once the threshold requirement of economic loss was
> satisfied because defendants fraudulently terminated insurance benefits,
> plaintiff was entitled to recover damages for mental suffering caused by the
> termination); *Nagy v. Nagy*, 210 Cal.App.3d 1262, 1269, 258 Cal. Rptr. 787
> (1989) (damages for emotional distress alone are not recoverable in a fraud
> action but are allowed only as an aggravation of other damages); accord
> *Williams v. Wraxall*, 33 Cal.App.4th 120, 134 n. 12, 39 Cal. Rptr. 2d 658

(1995) ("We observe, too, that damages for emotional distress may be recovered in fraud or deceit actions only as an aggravation of other damage, which, we have concluded, respondent did not prove")."

### B. The Motion Should Be Granted On The Breach Of Contract Claim

A claimed breach of contract without damages is not actionable. *Bramalea California, Inc. v. Reliable Interiors, Inc*., (2004) 119 Cal.App.4th 468, 473 ("A breach of contract is not actionable without damage."); *Accord Wallis v. Centennial Ins. Co.*, 982 F.Supp.2d 1114, 1123 (E.D. Cal. 2013).

Plaintiff's contract claims also fail because Plaintiff has offered no non-speculative evidence of contract damages, and emotional distress is not recoverable for breach of contract. *Gibson v. Office of Atty. Gen., State of California,* (9th Cir. 2009) 561 F.3d 920, 929 ("Finally, Plaintiffs' contractual claims must fail because Plaintiffs have failed to allege any foreseeable contract damages. The only alleged damages are for emotional and physical distress, neither of which is recoverable on a California contract claim.")

As discussed in Defendant's trial brief, the implied covenant of good faith and fair dealing claim is a contract claim and fails for the same reasons.

### C. The Evidence Does Not Support An Emotional Distress Award Under The Rosenthal Act

Emotional distress damages are recoverable under the Rosenthal Act only if Plaintiff has established the elements of a claim for intentional infliction of emotional distress. *Branco v. Credit Collection Servs*., 2011 U.S. Dist. LEXIS 94077, *28 (E.D. Cal. 2011). The elements of such a claim are (1) extreme and outrageous conduct by the defendant; (2) with intent to cause plaintiff emotional distress; (3) severe emotional distress suffered by plaintiff; and (4) defendant's conduct actually and proximately caused plaintiff's severe emotional distress. The evidence does not support elements one of two.

Whether conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court. If reasonable persons may differ, it is then a jury issue.

*Roberts v. Kaiser Found. Hosp.*, 2015 U.S. Dist. LEXIS 16169, *43 (E.D. Cal. 2015). Conduct to support such a claim must be ". . . so extreme as to exceed all bounds of that usually tolerated in a civilized community . . . The defendant must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result." *Carlsen v. Koivumaki*, (2015) 227 Cal.App.4th 879, 896.

There is no evidence of any extreme or outrageous conduct as required for this claim and no evidence of intent.

### D. The Evidence Does Not Support An Award Of TILA Damages

Defendant's counsel was unable to locate any Ninth Circuit authority addressing the issue. Apparently one district court has recognized such recovery. However, even assuming such recovery, as held in *Kurz v. Chase Manhattan Bank*, 273 F.Supp.2d 474, 480 (S.D.N.Y. 2003), "The key, of course, is linking any claimed damage to the defendant's TILA violation and not to some other cause."

The TILA statute authorizing damages requires they be sustained <u>a result of</u> the violation. 15 U.S.C. Section 1640 ("actual damage sustained by such person as a result of the failure"). This clearly requires Plaintiff to make an established causal connection. *See also O'Neil v. Spillane,* (1975) 45 Cal.App.3d 147, 160 ("It is, of course, well recognized that the plaintiff is required to have sustained actual damages <u>from the particular injury of which he complains</u> before he can be compensated for its infliction.") (emphasis added).

Here, Plaintiff offered no evidence that his claimed emotional distress was linked to any claimed TILA violation. Asking the jury to award any such damages would be asking them to guess and speculate improperly about the required causal connection for this claim.

//
//
//
//
//

**E.  Emotional Distress Recovery Should Be Denied Under RESPA**

Under RESPA, a borrower may not recover actual damages for nonpecuniary losses.  *See, e.g., Lal v. American Home Servicing, Inc.* (E.D. Cal. 2010) 680 F.Supp.2d 1218, 1223;  *Hutchins v. Bank of Am.*, N.A., 2014 U.S. Dist. LEXIS 24637, *29 (N.D. Cal. 2011) ("Plaintiff's damages of emotional distress do not constitute "actual damages" under § 2605(f)").

DATED: May 19, 2016                    Respectfully submitted,


By:  /s/ Leslie M. Werlin
　　　　　Leslie M. Werlin
　　　　　Alison V. Lippa
　　　　　Laura Coombe
Attorneys for Defendants BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS SERVICING, LP; BALBOA INSURANCE COMPANY; and FEDERAL HOME LOAN MORTGAGE CORPORATION

78434375.2                              5
DEFENDANT BANK OF AMERICA, N.A.'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

## CERTIFICATE OF SERVICE

I, Leslie M. Werlin, certify that on May 19, 2016, the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW** was filed electronically in the Court's Electronic Filing System ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

/s/ Leslie M. Werlin
Leslie M. Werlin