1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | CASE NO. 2:11-CV-02953-JAM-EFB |
| Plaintiff, | The Hon. John A. Mendez |
| vs. | |
| BANK OF AMERICA N.A., FHLMC LBAC 173 a.k.a. FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC), BAC HOME LOANS SERVICING LP, BALBOA INSURANCE CO, BANK OF AMERICA MORTGAGE, QUALITY LOAN SERVICE CORP, HOME RETENTION GROUP, DOES 2-40, | **AMENDED JUDGMENT** |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS HEREBY ORDERED, ADJUGED AND DECREED that judgment shall be and hereby is entered as follows on the claims alleged by of Christopher D. Schneider ("Plaintiff") in the second amended complaint (Dkt. 91):

1. Against Plaintiff and in favor of Bank of America, N.A. ("BANA") in accordance with the jury's verdict entered May 20, 2016 (Dkt. 291) on Plaintiff's claims against BANA under the Real Estate Settlement and Procedures Act ("RESPA").

2 Against Plaintiff and in favor of BANA, Federal Home Loan Mortgage Corporation ("FHLMC"), and Balboa Insurance Company ("Balboa") (collectively "Defendants") in accordance with the Court's May 20, 2016 ruling granting Defendants' motion under F.R.C.P. 50 ("Rule 50") on Plaintiff's claims against Defendants under California Business & Professions Code § 17200.

3. Against Plaintiff and in favor of BANA in accordance with the Court's May 20, 2016 ruling granting BANA's Rule 50 motion on Plaintiff's claims against BANA under the Truth In Lending Act ("TILA").

4. Against Plaintiff and in favor of BANA in accordance with the Court's May 19, 2016 ruling granting BANA's Rule 50 motion on Plaintiff's claims against BANA under the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

5. Against Plaintiff and in favor of BANA in accordance with the Court's May 19, 2016 ruling granting BANA's Rule 50 motion on Plaintiff's claims against BANA under California Civil Code Section 2954.

6. Against Plaintiff and in favor of BANA in accordance with the Court's May 19, 2016 ruling granting BANA's Rule 50 motion on Plaintiff's claims against BANA for fraud.

7. Against Plaintiff and in favor of BANA in accordance with the Court's May 19, 2016 ruling granting BANA's Rule 50 motion on Plaintiff's claim against BANA for breach of contract.

8. Against Plaintiff and in favor of BANA and FHLMC in accordance with the Court's May 19, 2016 ruling granting BANA's and FHLMC's Rule 50 motion on Plaintiff's claims against these defendants for an accounting.

1

[PROPOSED] AMENDED JUDGMENT

9.      Against Plaintiff and in favor of Defendants in accordance with the Court's May 19, 2016 ruling granting Defendants' Rule 50 motion on Plaintiff's claims against Defendants for conversion.

10.     Against Plaintiff and in favor of Defendants in accordance with the Court's May 19, 2016 ruling granting Defendants' Rule 50 motion on Plaintiff's claims against Defendants for wrongful foreclosure.

11.     Against Plaintiff and in favor of BANA in accordance with the Court's May 19, 2016 ruling granting BANA's Rule 50 motion on Plaintiff's claims against BANA for breach of the implied covenant of good faith and fair dealing.

12.     Against Plaintiff and in favor of Balboa and FHLMC in accordance with the Court's May 21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave to amend the motions by Balboa and FHLMC under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") to dismiss Plaintiff's claims against these defendants under RESPA.

13.     Against Plaintiff and in favor of FHLMC in accordance with the Court's July 11, 2014 order (Dkt. 138) granting without leave to amend the motion by FHLMC under Rule 12(b)(6) to dismiss Plaintiff's claims against this defendant under TILA.

14.     Against Plaintiff and in favor of FHLMC in accordance with the Court's July 11, 2014 order (Dkt. 138) granting without leave to amend the motion by FHLMC under Rule 12(b)(6) to dismiss Plaintiff's claims against this defendant under the Rosenthal Act and the Fair Debt Collection Practices Act ("FDCPA").

15.     Against Plaintiff and in favor of BANA in accordance with the Court's May 21, 2014 order (Dkt. 132) granting without leave to amend the motion by BANA under Rule 12(b)(6) to dismiss Plaintiff's claims against BANA under the FDCPA.

16.     Against Plaintiff and in favor of Balboa and FHLMC in accordance with the Court's May 21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave to amend the motions by Balboa and FHLMC under Rule 12(b)(6) to dismiss Plaintiff's claims against these defendants under California Civil Code § 2954.

17.     Against Plaintiff and in favor of FHMLC in accordance with the Court's July 11,

1  2014 order (Dkt. 138) granting without leave to amend the motion by FHLMC under Rule

2  12(b)(6) to dismiss Plaintiff's claims against FHLMC for fraud, negligent misrepresentation and

3  conspiracy.

4        18.    Against Plaintiff and in favor of BANA in accordance with the Court's May 21,

5  2014 order (Dkt. 132) granting without leave to amend the motion by BANA under Rule 12(b)(6)

6  to dismiss Plaintiff's claims against BANA for negligent misrepresentation and conspiracy.

7        19.    Against Plaintiff and in favor of Balboa and FHLMC in accordance with the

8  Court's May 21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave

9  to amend the motion by Balboa and FHLMC under Rule 12(b)(6) to dismiss Plaintiff's claims

10  against these defendants for breach of contract.

11        20.    Against Plaintiff and in favor of Defendants in accordance with the Court's May

12  21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave to amend the

13  motion by Defendants under Rule 12(b)(6) to dismiss Plaintiff's claims against Defendants for

14  declaratory relief.

15        21.    Against Plaintiff and in favor of Balboa and FHLMC in accordance with the

16  Court's May 21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave

17  to amend the motion by Balboa and FHLMC under Rule 12(b)(6) to dismiss Plaintiff's claims

18  against these defendants for breach of the implied covenant of good faith and fair dealing.

19        22.    Against Plaintiff and in favor of Defendants in accordance with the Court's May

20  21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave to amend the

21  motion by Defendants under Rule 12(b)(6) to dismiss Plaintiff's claims against Defendants for

22  negligence.

23        23.    Against Plaintiff and in favor of Defendants in accordance with the Court's May

24  21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave to amend the

25  motion by Defendants under Rule 12(b)(6) to dismiss Plaintiff's claims against Defendants for

26  intentional infliction of emotional distress.

27  //

28  //

3
[PROPOSED] AMENDED JUDGMENT

24.     Against Plaintiff and in favor of Defendants in accordance with the Court's May 21, 2014 order (Dkt. 132) and July 11, 2014 order (Dkt. 138) granting without leave to amend the motion by Defendants under Rule 12(b)(6) to dismiss Plaintiff's claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act.

IT IS SO ORDERED

Dated:  6/1/2016                                        /s/ John A. Mendez
                                                UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] AMENDED JUDGMENT

Local Rule 137 Certificate

I, Leslie M. Werlin, declare:

1.      I am with the law firm of McGuireWoods, LLP counsel for defendants Bank of America, N.A., Balboa Insurance Company and Federal Home Loan Mortgage Corporation in this action.

2.      On May 24, 2016, I sent an email to Michael Yesk, Esq., counsel for Plaintiff in this matter ("Mr. Yesk"), with a copy of the proposed amended judgment sent forth above.  A true copy of that email showing the date and time of transmission is attached hereto as Exhibit "A". The email address used for Mr. Yesk is the same email I have used for prior email communications to Mr. Yesk's office.  As of the end of the day on May 31, 2016 I had heard nothing from Mr. Yesk regarding the attachment to my May 24, 2016.

I declare under penalty of perjury that the foregoing is true and correct:  June 1, 2016 at Los Angeles, California.

/s/Leslie M. Werlin
Leslie M. Werlin

[PROPOSED] AMENDED JUDGMENT