UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A.; BANK OF AMERICA MORTGAGE; BANK OF AMERICA HOME LOANS SERVICING LP; BALBOA INSURANCE COMPANY; HOME RETENTION GROUP; QUALITY LOAN SERVICE CORPORATION; CLIFF COLER; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:11-cv-2953-JAM-EFB-PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a motion for a new trial. ECF No. 297. As discussed below, plaintiff has filed a notice of appeal, *see* ECF No. 303, and the district court lacks jurisdiction to entertain the motion. Accordingly, it is recommended that the motion be denied.[1]

---

[1] Plaintiff, proceeding *in propria persona*, initiated this action in November 2011. The matter was initially referred to a magistrate judge pursuant to the court's local rules. *See* E.D. Cal. L.R. 230(c)(21) (referring all actions in which all the plaintiffs or defendants are proceeding *in propria persona* to the assigned magistrate judge). Subsequently, on June 15, 2015, attorney Michael Yesk substituted into the case as attorney of record for plaintiff, ECF No. 217, and the referral to the magistrate judge was withdrawn. ECF No. 218; *see* E.D. Cal. L.R. 230(c). Following trial before the assigned district judge, attorney Yesk's motion to withdraw as counsel of record (ECF No. 300) was granted and the instant motion was referred to the currently

1

Plaintiff's claim under the Real Estate Settlement Procedures Act against defendant Bank of America N.A was tried to a jury in May 2016.[2]  On May 20, 2016, the jury returned a verdict in defendant's favor and judgment was entered accordingly.  ECF Nos. 291, 292.  Plaintiff, acting *in propria persona*, filed this motion for a new trial on June 17, 2016.  ECF No. 297.  However, prior to a ruling on the motion for new trial, plaintiff filed a Notice of Appeal seeking review of all orders and "the district court's Judgment dated May 20, 2016."  ECF No. 303.

The "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."  *Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *see also Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2002); *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986) (The filing of a notice of appeal divest the district court of jurisdiction," and "[u]nless the appellate court remands to the district court, the latter is without jurisdiction to consider the motion to vacate judgement.").  In light of plaintiff's Notice of Appeal of all orders and the judgment entered in this case, this court has no jurisdiction to grant the relief sought in plaintiff's motion.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for a new trial (ECF No. 297) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////
/////
/////

---

assigned magistrate judge.  ECF No. 305.

[2] All other defendants were previously dismissed.

2

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE