UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A.; BANK OF AMERICA MORTGAGE; BANK OF AMERICA HOME LOANS SERVICING LP; BALBOA INSURANCE COMPANY; HOME RETENTION GROUP; QUALITY LOAN SERVICE CORPORATION; CLIFF COLER; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:11-cv-2953-JAM-EFB PS<br><br>ORDER TO SHOW CAUSE |

Plaintiff was ordered within 30 days to properly notice his motion for a new trial in compliance with Local Rule 230. ECF No. 314. That order was entered on November 16, 2016, and to date plaintiff has failed to comply.[1] In violation of Local Rule 230(c), plaintiff has also failed to timely file an opposition or statement of non-opposition to defendants' motion seeking either an order, or findings and a recommendation for an order denying the motion for new trial

---

[1] The order was entered after plaintiff submitted a copy of an order from the U.S. Court of Appeals for the Ninth Circuit stating that plaintiff's appeal from a jury verdict against him would be held in abeyance pending this court's ruling on a motion by plaintiff for a new trial. ECF No. 310-1.

1

due to plaintiff's failure to calendar it.  Although plaintiff is proceeding *in propria persona*, that does not excuse his failure to comply with the court's orders or the Local Rules.

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions.  Likewise, Local Rule 110 provides that the failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").  As noted, even though pro se pleadings are liberally construed, pro se litigants are bound by the rules of procedure.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause, in writing, no later than March 29, 2017, why monetary sanctions should not be imposed against him for failure to (1) comply with the court's November 16, 2016 order directing him to properly notice his motion for new trial and (2) file a timely opposition or statement of non-opposition to defendants' motion.

2. The hearing on defendants' motion, ECF No. 321, currently scheduled for March 15, 2017, is continued to April 12, 2017.

3. Plaintiff shall file an opposition to defendants' motion, or a statement of non-opposition thereto, no later than March 29, 2017.

4. Failure to comply with the instant order will result in a recommendation that plaintiff's motion for a new trial be denied for failure to comply with court orders and/or Local Rules.

5. Defendants may file a reply to plaintiff's opposition, if any, on or before April 5, 2017.

6. The deadlines in this order will not be extended.

DATED: March 13, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE