UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A.; BANK OF AMERICA MORTGAGE; BANK OF AMERICA HOME LOANS SERVICING LP; BALBOA INSURANCE COMPANY; HOME RETENTION GROUP; QUALITY LOAN SERVICE CORPORATION; CLIFF COLER; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:11-cv-2953-JAM-EFB PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff has filed a motion for a new trial. ECF No. 297. Defendants responded by filing a motion for an order, or findings and recommendation for an order, that plaintiff's motion be denied because plaintiff failed to notice it for hearing.[1] ECF No. 321. For the following reasons, defendants' motion is denied as moot and it is recommended that plaintiff's motion be denied.[2]

/////

---

[1] The motions in this case, in which plaintiff is proceeding pro se, are before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Additionally, as discussed below, the court's order to show cause directed at plaintiff is discharged.

1

I. <u>Background</u>

This case arises from a mortgage dispute between plaintiff and multiple financial entitles involved with the loan. The case proceeded to a hybrid bench and jury trial on May 16, 2016 and May 18, 2016, through May 20, 2016, on plaintiff's claims against defendants Balboa Insurance Company ("Balboa"), Federal Home Loan Mortgage Corporation ("FHLMC"), and Bank of America, N.A. ("BANA"). Plaintiff was represented by attorney Michael Yesk, and defendants were represented by attorney Leslie Werlin.

Plaintiff's accounting claim against BANA and FHLMC and claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, against all defendants were presented to the court for decision. Plaintiff's claims for conversion and wrongful foreclosure against all defendants and claims under the Real Estate Settlement and Procedures Act ("RESPA"), Truth In Lending Act ("TILA"), California Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 2954, and for fraud, breach of contract, and breach of implied covenant of good faith and fair dealing against BANA were tried to a jury. After the close of plaintiff's evidence, defendants moved for judgment as a matter of law on all claims pursuant to Federal Rule of Civil Procedure 50. That motion was taken under submission until the close of defendants' evidence. Ultimately, defendants' Rule 50 motion was granted as to all claims except plaintiff's RESPA claim, which was submitted to the jury for decision. After deliberation, the jury returned a verdict in favor of BANA on plaintiff's RESPA claim (ECF No. 291), and judgment was entered against plaintiff and in favor of defendants (ECF No. 295).

Shortly thereafter, plaintiff, who was represented by counsel at the time, personally filed the instant motion for a new trial, which he noticed before the assigned district judge. ECF No. 297. The following week, Mr. Yesk moved to withdraw as counsel. ECF No. 300. That motion was granted and the case was referred to the undersigned for all pending and future proceedings. ECF No. 307; *see also* E.D. Cal. L.R. 302(c)(21).

/////
/////
/////

1  Plaintiff was ordered to file within 30 days a notice of his motion for hearing in
compliance with Local Rule 230.³ ECF No. 314; *see* E.D. Cal. L.R. 291.2 ("Except as otherwise provided in this Rule or in the Federal Rules of Civil Procedure, L.R. 230 shall apply to motions for new trial."). Rather than do so, he filed objections to that order arguing, among other things, that his motion should not have been referred to a magistrate judge (ECF Nos. 315, 318), an argument previously rejected by the court (ECF No. 307).

Defendants subsequently filed a motion requesting an order, or findings and a recommendation for an order, denying the motion for a new trial due to plaintiff's failure to calendar it, which they noticed for hearing on March 15, 2017.⁴ ECF No. 321. Plaintiff failed to timely file an opposition or statement of non-opposition to defendants' motion as required by Local Rule 230(c). Accordingly, plaintiff was ordered to show cause why sanctions should not be imposed for his failure to (1) comply with the court's November 16, 2016 order directing him to notice for hearing his motion for a new trial and (2) file a timely response to defendants' motion. ECF No. 323.⁵

II.   Order to Show Cause

Plaintiff's response to the order to show cause includes nearly 700 pages of exhibits (ECF No. 331), as well as several other documents that are only tangentially related to the pending

---

³ While the motion for a new trial and motion to withdraw as counsel were pending, plaintiff filed a notice of appeal. The November 17 order was entered after plaintiff submitted a copy of an order from the United States Court of Appeals for the Ninth Circuit stating that plaintiff's appeal would be held in abeyance pending this court's ruling on the motion for a new trial. ECF No. 310-1.

⁴ Curiously, rather than include that argument as an additional basis for opposing plaintiff's motion, defendants presented it as a separate motion of their own

⁵ Plaintiff failed to timely respond to the order to show cause. However, a review of the docket indicated that plaintiff was not properly served with a copy of defendants' motion and the court's order to show cause. Accordingly, the hearing on defendants' motion was continued, the clerk was directed to mail serve plaintiff with copies of defendants' motion and the court's order to show cause, and plaintiff was directed to file a response to the order and defendants' motion by April 24, 2017. ECF No. 327. Although the docket also reflected that plaintiff was not properly served with a copy of the November 16, 2016, the order to show cause was not discharge because it was clear plaintiff had actual notice of the November 16 order, as he filed objections to it. *See Id.* at 2 n.1; *see* ECF No. 315.

motions (ECF Nos. 332, 336, 338, 346). The crux of his response is that when he filed his motion for a new trial he properly noticed it for hearing before the assigned district judge. ECF No. 331 at 2-5. He notes that Local Rule 230(b) provides that "all motions shall be noticed on the motion calendar of the assigned judge . . ." and that at the time the motion was filed he was represented by counsel. *Id*. at 5; *see* E.D. Cal. L.R. 302(c)(21) (referring matters where one party is proceeding pro se to the assigned magistrate judge). He also appears to contend that if he re-noticed his motion for hearing before the undersigned, he would be effectively waiving all prior objections, which include his objection to his motion being referred to a magistrate judge. *Id*. at 3. He also argues that he is being prejudiced because he is being "forced . . . to argue all of these complicated issues 'immediately' for all practical and prejudicial purposes in a 'railroading' fashion . . . ." *Id*. at 4.

Plaintiff misses the point that with the referral of the matter to the assigned magistrate judge he was required to notice his motion for hearing before that judge and not the assigned district judge. As noted above, after plaintiff filed his motion, the court granted his attorney's request to withdraw as counsel and referred the motion for new trial to the magistrate judge.[6] Due to the referral, the matter needed to be re-noticed for hearing to establish a schedule for briefing and the hearing of oral argument. *See* E.D. Cal. L.R. 230.

As for plaintiff's failure to respond to defendants' motion, there is also no basis for plaintiff's contention that he is being "forced . . . to argue all of these complicated issues 'immediately.'" ECF No. 331 at 5. The trial concluded nearly six month prior to the court's order directing plaintiff to notice his motion for hearing, and almost a year prior to plaintiff filing his response to the court's order to show cause. Plaintiff has had more than enough time to research and argue any issue concerning the four day trial.

/////

/////

---

[6] Although plaintiff was apparently unhappy with the referral, as previously explained to him, the local rules allow for the referral of the motion to the assigned magistrate judge. ECF No. 307 (overruling plaintiff's objection to the court's order referring the matter to the assigned magistrate judge); *see also* E.D. Cal. L.R 302(c)(21); 28 U.S.C. § 636(b)(1).

4

Lastly, plaintiff's response provides no explanation for his failure to timely file an opposition or statement of non-opposition to defendants' motion.[7] Accordingly, plaintiff has failed to show good cause for his failure to comply with the court's November 16, 2016 order and the court's local rules.

Nevertheless, with the withdrawal of his counsel following the trial, plaintiff is now proceeding in pro per. In light of that status and his apparent confusion over procedural requirements, a confusion that was perhaps exacerbated by separation of defendants' arguments into an opposition brief and a separate motion asking the plaintiff's motion be denied, the order to show cause is discharged and no sanctions are imposed.

III.     Motion for a New Trial

   A.     Legal Standards

Federal Rule of Civil Procedure 59(a) provides, "A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions in law in the courts of the United States." For claims tried without a jury, a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B).

"Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Instead, courts are "bound by those grounds that have been historically recognized." These grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Id*. The Ninth Circuit has also held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false perjurious evidence, or to prevent a miscarriage of justice." *Id*. (quoting *Passanito v. Johnson & Johnson*, 212 F.2d 246, 256 (9th Cir. 2000)).

/////

/////

---

[7] Nor did plaintiff ever file an opposition to defendants' motion.

5

B. <u>Discussion</u>

Plaintiff's motion for a new trial presents a scatter-shot of vague and conclusory arguments. He bases the request on a recitation of the trial from his memory, without any citations to the record or any evidence, in contravention of Local Rule 291.2 (requiring that a motion for a new trial "state with specific references to relevant portions of any existing record and to any supporting affidavits . . . [and] if a ground is insufficiency of the evidence, the particulars thereof."). Accordingly, the motion must is appropriately denied on that basis alone.[8] *See also Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). However, the motion fails on the merits as well.

Plaintiff first asserts vague and conclusory challenges to unspecified evidentiary rulings, without any discussion of how he was prejudiced. For instance, he contends that the court made several evidentiary errors, including refusing to allow him to testify about highly relevant issues, prohibiting him from using his original documents "when necessary in order to fully provide his case," and not permitting him to discuss exhibits that were not admitted into evidence. ECF No. 297 at 3. These conclusory assertions are insufficient to demonstrate that any of the court's evidentiary rulings constituted harmful error. *See Ruvalcaba v. City of L.A.*, 64 F.3d 1323, 1329 (9th Cir. 1995) ("District courts are granted broad discretion in admitting evidence, . . . . [and a] new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party."); *see also Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008) (a "court should find prejudice only if it concludes that, more probably than not, the . . . error tainted the verdict."); *Randle v. Franklin*, 2011 WL 2064850 (E.D. Cal. 2011) ("[T]he burden of showing harmful error rests on the party seeking the new trial."); *Moran v. Dovey*, 2012 WL 3277173, at

/////

---

[8] In his motion, plaintiff requests additional time to further brief the merits of his motion and review the trial transcripts. ECF No. 297. Since filing the motion in June 2016, plaintiff has obtained the transcripts of the trial and filed numerous documents with the court, none of which further address the merits of his motion. As plaintiff has had ample time to submit any additional information regarding his motion, but has declined to do so, his request is denied.

6

*2 (E.D. Cal. Aug. 9, 2012) (vague and conclusory assertions without citation to the record are insufficient to meet burden required to grant a new trial).

The only specific evidentiary ruling challenged by plaintiff is the court's ruling that he was not permitted to testify as to the value of his property. ECF No. 297 at 4-5. However, contrary to plaintiff's suggestion, the court did not rule that all evidence regarding plaintiff's home value would be excluded. Rather, the court merely ruled that plaintiff could not testify about the value of his property without first establishing the foundation for such testimony, which he failed to do. ECF No. 343 at 43-47; *see* Fed. R. Evid. 701 ("If the witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Moreover, plaintiff fails to explain how the exclusion of such testimony prejudiced his case.[9]

Plaintiff also makes general allegations of improper conduct by the court, again without any citation to the record. He contends that the court acted hostile towards him while treating the opposing party more favorably. ECF No. 297 at 3. He also claims that there were "critical differences" in how each side was permitted to present evidence. *Id*. at 5. As an example, he contends the court never informed him that he could use an audio/video machine, but suggested that such device be used by defendant. *Id*.

Courts impose a "rather stringent" standard for assessing whether a new trial is appropriate based on allegations of judicial misconduct. *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995). "To sustain a claim of this kind, there must be an 'extremely high level of interference' by the trial judge which creates 'a pervasive climate of partiality and unfairness.'" *Id*. (quoting *United States v. DeLuca*, 692 F.2d 1277, 1282 (9th Cir. 1982)). Claims of judicial intervention only warrant a new trial "in cases of actual bias . . . or if the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality, and the

---

[9] Presumably, plaintiff wanted to introduce evidence regarding the value of his home to establish damages, but the relevance of such evidence is not explained in his motion.

alleged misconduct had a prejudicial effect on the trial." *United States v. Kahre*, 737 F.3d 554, 578 (9th Cir. 2013).

Plaintiff's general assertions of bias and inequitable treatment are insufficient to satisfy this standard. Moreover, his example regarding the use of courtroom technology fails to establish bias or unfairness. The record shows that on a single occasion, while defense counsel was questioning a witness about a document, the court stated, "It would be really helpful if you could put it on the screen so the jury could see it also, but it is a little late." ECF No. 344 at 39-40. This statement merely indicates the court's attempt to assist the jury in understanding the case, and does not reflect any bias towards either party.

Plaintiff also generally contends that the court incorrectly applied the law and weighed the evidence as "to *all* of the issues *and* claims involving the defendant's [sic] rule 50 motions." ECF No. 297 at 4. Despite this sweeping argument, he only identifies two specific ruling in relation to defendants' motion for judgment as a matter of law. First, he argues, without citation to any authority, that the court impermissibly granted defendant's Rule 50 motion as to his RESPA claim based on an erroneous finding that to obtain statutory damages plaintiff was required to present evidence that BANA engaged in a pattern or practice of noncompliance with RESPA's requirements involving other customers. ECF No. 297 at 5. Contrary to plaintiff's contention, the court applied the proper standard. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *Evans v. Nationstar Mortgage, LLC*, 2015 WL 6756255 (E.D. Cal. Nov. 2015). There is also no merit to plaintiff's other contention that the court incorrectly determined that he failed to submit evidence of monetary damages. Although plaintiff testified that he *believed* that he suffered monetary damages due to the actions of Bank of America, he was unable to identify any specific cost he incurred. *See* ECF No. 343 at 47. The only damages plaintiff was able to identify were related to emotional distress.[10] *Id*. at 48-49.

---

[10] Plaintiff appears to raise this argument in relation to the court's grant of defendant's Rule 50 motion as to his breach of contract claim, but this assumption is not evident from the face of his motion. At trial, the court granted defendant's motion for judgment as a matter of law as to plaintiff's breach of contract claim because plaintiff failed to introduce evidence that he incurred compensable damages as a result of BANA's breach. ECF No. 344 at 92; *see Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 454, 516 (1994) ("[D]amages for mental suffering

8

1 | Plaintiff also claims that during closing arguments defendants "repeatedly referred to facts
2 | not in evidence and improperly painted a false and prejudicial picture of plaintiff based upon
3 | these not-in evidence facts." ECF No. 297 at 6. This general objection, which was not raised at
4 | trial, fails to establish plain error justifying a new trial. *See Hemmings v. Tidyman's Inc.*, 285
5 | F.3d 1174, 1193 (9th Cir. 2002) (absent objections raised during closing arguments, moving party
6 | must demonstrate plain error, which "requires (1) an error, (2) the error is plain or obvious, (3)
7 | the error was prejudicial or effected substantial rights, and (4) review is necessary to prevent a
8 | miscarriage of justice.").

9 | Lastly, plaintiff argues that he was prejudiced by his counsel's performance. He contends
10 | that his attorney was incompetent and unprepared to present his case. ECF No. 297 at 3-4.
11 | Counsel's performance, even if deficient, does not provide a basis for a new trial. *See S.E.C. v.*
12 | *Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1101 (9th Cir. 2010) ("[C]lients must be held
13 | accountable for the acts and omissions of their attorneys . . . [and] cannot now avoid the
14 | consequences of the acts or omissions" of counsel); *Link v. Wabash R. Co.*, 370 U.S. 626, 364
15 | n.10 (1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under the
16 | circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping
17 | this suit alive merely because plaintiff should not be penalized for the omissions of his own
18 | attorney would be visiting the sins of plaintiff's lawyer upon the defendant.").[11]

19 | In sum, plaintiff has failed to identify any particular error that resulted in any prejudice.
20 | Accordingly, his motion for a new trial must be denied.[12]

21 | ////

---

and emotional distress are generally not compensable in contract actions.").

[11] Plaintiff also contends that the California Department of Motor Vehicles refusal to renew his driver's license is a continuing violation of his "fundamental constitutional rights to travel, to have access to the courts appropriate to this case, to participate meaningfully in society, and to exercise his First Amendment right to seek redress." ECF No. 297 at 2 n.1. The denial of plaintiff's driver's license is unrelated to the facts of this case. Furthermore, the record shows that plaintiff was present for trial despite the lack of a driver's license. *See* ECF Nos. 342-345.

[12] In light of the recommendation that plaintiff's motion be denied on the merits, defendants' pending motion is denied as moot.

IV.  Conclusion

Accordingly, it is hereby ORDERED that:

1. The March 13, 2017 order to show cause (ECF No. 323) is discharged and no sanctions are imposed; and

2. Defendants' motion for an order, or findings and recommendation for an order, denying plaintiff's motion for a new trial for failure to notice it for hearing (ECF No. 321) is denied as moot.

Further, it is RECOMMENDED that plaintiff's motion for a new trial (ECF No. 297) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 11, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE